STATE OF NORTH CAROLINA v. J. B. RAMEY

No. 105A86

(Filed 4 November 1986)

1. **Rape § 4.1— first degree sexual offense—defendant's prior sexual acts—similar evidence not objected to—objection waived**

   In a prosecution for first degree sexual offense, defendant could not complain about the admission of the testimony of the victim regarding prior sexual acts committed against him by defendant, since evidence regarding the same prior acts of defendant was later admitted without objection through the testimony of a detective and in a statement written by the victim, and defendant therefore waived his objection to the prior testimony.

2. **Criminal Law § 163; Rape § 6— first degree sexual offense—prior sexual acts—limiting instruction not requested or given—no plain error**

   Defendant failed to show plain error in the trial court's failure to instruct the jury, without request from defendant, that the evidence of prior sexual acts by defendant against the victim could be considered only for the purpose of showing intent and not character where defendant did not show that the jury probably would have reached a different verdict had the instruction in question been given.

3. **Criminal Law § 99.8— first degree sexual offense—questioning of eight-year-old victim by court—no expression of opinion**

   In a prosecution for first degree sexual offense, the trial court's questions asked of the eight-year-old victim as to how many times he had been touched between the legs by the defendant and how old the victim was when the first incident occurred were for the purpose of clarification and did not amount to an improper expression of opinion. N.C.G.S. § 15A-1222.

**4. Criminal Law § 89.1— first degree sexual offense—evidence as to victim's truthfulness—no plain error**

In a prosecution for first degree sexual offense, the trial court did not commit plain error in allowing the victim's mother and sister to testify that the victim told the truth. N.C.G.S. § 8C-1, Rule 608(a).

**5. Criminal Law § 89.3— first degree sexual offense—evidence of victim's prior consistent statements—no plain error**

Though the trial court in a prosecution for first degree sexual offense erred in allowing a detective to testify that statements of the victim had at all times been consistent, such error did not constitute plain error requiring a new trial, since the bulk of the detective's testimony related to prior statements of the victim and was corroborative of the victim's testimony; very little of the evidence presented through the witness had not already been heard by the jury; and the jury had the victim's prior statements before it and could compare them.

**6. Criminal Law § 89.3— corroboration of witness—prior statement of witness—"new" information**

In order to be corroborative and therefore properly admissible, a prior statement of a witness need not merely relate to specific facts brought out in the witness's testimony at trial, so long as the prior statement in fact tends to add weight or credibility to such testimony. Prior statements of the Supreme Court are disapproved to the extent that they indicate that additional or "new" information, contained in the witness's prior statement but not referred to in his trial testimony, are not admissible as corroborative evidence.

**7. Criminal Law § 89.3— victim's prior statements—inclusion of "new" material—admissibility for corroboration**

In a prosecution for first degree sexual offense, the trial court did not err in admitting into evidence certain oral and written out-of-court statements made by the victim to a detective, though the statements included additional facts not referred to in the victim's testimony, since the statements tended to strengthen and add credibility to his trial testimony.

**8. Criminal Law § 73.1— first degree sexual offense—testimony by victim's mother as to victim's behavior—no error**

In a prosecution for first degree sexual offense, the trial court did not err in allowing the victim's mother to testify as to what a counselor told her concerning the victim's behavior where the testimony merely related to the existence of the victim's resentment and anger and not to their cause, and even if the testimony did imply that defendant's actions caused the victim's resentment and anger, there was other testimony by the victim's mother to the same effect and explaining further his behavioral problems.

**9. Criminal Law § 98— number of character witnesses limited—no error**

The trial court did not err in limiting defendant to six character witnesses and in allowing his remaining witnesses to stand up and give their names and addresses to the jury without first being sworn since defendant did not object to this procedure; the jury was informed by comments of the court and counsel

that these witnesses were present to attest to defendant's good character and reputation in the community; and it was within the court's discretion to limit the number of character witnesses a party may call. N.C.G.S. § 8C-1, Rule 603.

**10. Indictment and Warrant § 17.2— date of offense—no variance between indictment and proof**

In a prosecution for first degree sexual offense, there was no merit to defendant's contention that there was a fatal variance between the indictment and proof with regard to the date of the offense, and defendant was not misled thereby and deprived of the opportunity to present an adequate defense, since the warrant and bill of indictment showed the date of the offense as 13 March 1985; although the victim was unable to state the exact date of the offense and could only state that it occurred sometime in March, defendant was put on notice as to the boy's uncertainty during a probable cause hearing; at the hearing defendant was given the opportunity to cross-examine the victim with regard to the date of the offense; defendant had notice that the State was not relying on the exact date alleged in the warrant and indictment; and defendant did not in fact rely on the date stated in the indictment.

APPEAL by the defendant from judgment entered by *Mills, J.,* at the 10 October 1985 Criminal Session of Superior Court, FORSYTH County.

The defendant was indicted for first degree sexual offense. He was found guilty by a jury on 10 October 1985 and was sentenced to life imprisonment. The defendant appealed his conviction for first degree sexual offense and the resulting life sentence to the Supreme Court as a matter of right. Heard in the Supreme Court 8 September 1986.

*Lacy H. Thornburg, Attorney General, by Charles H. Hobgood, Assistant Attorney General, for the State.*

*West, Crawford & James, by David R. Crawford, for the defendant appellant.*

MITCHELL, Justice.

The defendant has brought forth numerous assignments of error on appeal. He contends: (1) the trial court erred by allowing the victim to testify regarding prior sexual acts of the defendant; (2) the trial court committed plain error by failing to instruct the jury, without request from the defendant, as to the limited purpose for which the jury could consider testimony of prior sexual acts; (3) the trial court committed error by expressing an opinion as to facts in controversy; (4) the trial court committed plain error

by permitting certain witnesses to testify that the victim tells the truth and that he made no prior inconsistent statements; (5) the trial court committed plain error in allowing into evidence, for the purpose of corroboration, out-of-court statements made by the victim that went beyond the scope of his trial testimony; (6) the trial court erred by allowing a witness to testify to what a counselor told her regarding the victim's behavior; (7) the trial court abused its discretion in instructing the defendant to present his remaining character witnesses by having them stand and give their names and addresses to the jury; (8) the trial court erred by denying the defendant's motion to dismiss at the close of all the evidence for variance between allegations in the indictment and the evidence presented by the State at trial. We find no prejudicial error.

The State offered evidence tending to show that the victim,[1] a boy eight years old, was in the second grade in March 1985. The defendant, a family friend, went to the victim's home at four or five o'clock in the afternoon sometime in March. The defendant told the victim's mother that he needed to have the boy crawl through a window in a mobile home because he was locked out. The victim went with the defendant. They stopped on the way and the defendant bought the victim ice cream and a drink. After arriving at the mobile home, the defendant worked outside and the victim played. Later, instead of having the victim crawl through a window, the defendant opened the door and called the victim inside and into the bedroom. When the victim entered the bedroom, the defendant told him to pull his pants down and lie on the bed. When the boy did so, the defendant touched the boy's penis with his hand and with his mouth. The victim testified that defendant's mouth was on his penis about twenty minutes. They then left the mobile home and the defendant took the victim home. The defendant told him not to tell anyone about what happened.

---

1. Use of the victim's name is not necessary to distinguish him from other individuals involved in the case and would add nothing of value to this opinion. Therefore, "in keeping with the practice established by this Court in numerous recent cases," the victim's name has been deleted throughout the opinion in order to avoid further humiliation and embarrassment for him. *State v. Hosey*, 318 N.C. 330, 332 n. 1, 348 S.E. 2d 805, 807 n. 1 (1986).

Several days later the victim told his thirteen-year-old sister that the defendant "felt" him. She told him to tell their mother, but he did not do so then. The day before school was out in June, the victim told his sister again. She told their mother to make him repeat what he had said. At that time, the victim told his mother that the defendant "touched" him. She asked him "Where?", and the victim pointed to his penis. She asked him if the defendant did anything else, and he said, "He put his mouth on me." She called the Sheriff's Department that night and was told to talk with Detective Linda Sturgill.

The first time Detective Sturgill talked with the victim on 12 June 1985, his mother was not in the room. During questioning by Detective Sturgill, the victim pointed to the penis on an anatomically correct doll to explain his use of the word "ding-dong" in his description of what the defendant had done to him.

The victim testified that this was not the first time this type of thing had happened with the defendant. The victim said he was five years old the first time, and it had happened more than five times.

The victim's mother testified that she remembered the defendant coming and getting the victim for the purpose of having him go through the window. She said that the incident occurred approximately in the middle of March. The victim remembered that it occurred in March, and his mother remembered that it was at approximately the time her oldest daughter rented the mobile home from the defendant. Her daughter had put some of her property in the mobile home on 7 March 1985, but did not move in until a week or two later.

There had been other occasions when the victim and the defendant were alone together. The victim's family lived in one of the defendant's mobile homes from 1979 until May 1984. After they moved into a house about three miles away, there were two incidents in which the defendant came and got the victim.

The defendant presented evidence tending to show only that on 15 March 1985, the victim crawled through the mobile home window and was then driven home by a neighbor, Shirley Stoltz.

[1] The defendant first assigns as error the action of the trial court in admitting over objection the testimony of the victim re-

garding prior sexual acts committed against him by the defendant. The defendant contends that the testimony by the victim that "this" had happened on other occasions was inadmissible under N.C.G.S. § 8C-1, Rule 404(b) because it was evidence of other crimes, wrongs, or acts to prove character and to show that the defendant acted in conformity therewith. The defendant argues that the testimony was too ambiguous as to the nature of such offenses and too remote as to the dates thereof to be admissible under Rule 404(b).

Even if it is assumed *arguendo* that the testimony was not admissible, this assignment of error is not properly before this Court. Evidence regarding the same prior acts of the defendant was later admitted without objection through the testimony of Detective Sturgill and in a statement written by the victim. Where evidence is admitted without objection, the benefit of a prior objection to the same or similar evidence is lost, and the defendant is deemed to have waived his right to assign as error the prior admission of the evidence. *State v. Gordon*, 316 N.C. 497, 342 S.E. 2d 509 (1986); *State v. Wilson*, 313 N.C. 516, 330 S.E. 2d 450 (1985). We overrule this assignment of error.

[2]   The defendant also assigns as error the trial court's failure to instruct the jury, without request from the defendant, that the evidence of prior sexual acts by the defendant against the victim could be considered only for the purpose of showing intent. Since defendant failed to object to the trial court's instructions, review on appeal is limited to consideration of whether the omission constituted plain error. *State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983). We hold that it did not.

We have stated that:

> [T]he plain error rule . . . is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a *'fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done'
> . . . .

*State v. Odom*, 307 N.C. at 660, 300 S.E. 2d at 378, *quoting with approval, United States v. McCaskill,* 676 F. 2d 995, 1002 (4th Cir.), *cert. denied,* 459 U.S. 1018, 103 S.Ct. 381, 74 L.Ed. 2d 513

(1982). Rarely will an improper jury instruction justify reversal of a criminal conviction when no objection was made at trial. *State v. Odom*, 307 N.C. at 660-61, 300 S.E. 2d at 378. To bear the burden of showing the existence of plain error, the appellant must establish that absent the error the jury probably would have reached a different verdict. *State v. Walker*, 316 N.C. 33, 39, 340 S.E. 2d 80, 83 (1986). "Therefore, the test for 'plain error' places a much heavier burden upon the defendant than that imposed by N.C.G.S. § 15A-1443 upon defendants who have preserved their rights by timely objection." *Id.*

Even assuming *arguendo* that failure to give the limiting instruction the defendant now argues for was error, the defendant has failed to show that the verdict would have been different had the trial court given the instruction. The defendant essentially argues that, although it was proper for the jury to consider such evidence, had the jury been instructed to consider it only as to his intent but not his character, the defendant would have been found not guilty. This is highly unlikely. Certainly, the defendant has failed to show that this is so probable as to make the trial court's action plain error. We conclude that the omission from the jury instructions complained of was not plain error.

[3] By his next assignment of error, the defendant contends that the trial court committed reversible error by expressing an opinion as to facts in controversy when asking a question of the eight-year-old boy victim during his testimony. After the victim had testified that the defendant had touched the victim's penis with his mouth and hand, the following exchange occurred:

Q. [I]s this the first time this has ever happened?

A. Hum?

Q. Is this the first time this has ever happened to you?

A. No.

MR. RAY: Objection.

THE COURT: Overruled.

Q. How old were you the first time this ever happened to you with Mr. Ramey?

A. Five.

MR. RAY: Your Honor, I object.

THE COURT: Overruled.

Q. How many times would you say it's ever happened?

MR. RAY: Objection.

THE COURT: Just the two of you together and he touched you between your legs.

It is well established by both statute and case law that it is improper during any stage of the trial for a trial judge in the presence of the jury to express his opinion on any question of fact to be decided by the jury. *See State v. Blackstock,* 314 N.C. 232, 333 S.E. 2d 245 (1985); N.C.G.S. § 15A-1222. However, the mere asking of a question by the court is not in itself erroneous. *See* N.C.G.S. § 8C-1, Rule 614(b) (1986). In fulfilling the duties of a trial judge to supervise and control the course of a trial so as to insure justice to all parties, the judge may question a witness in order to clarify confusing or contradictory testimony. *State v. Blackstock,* 314 N.C. 232, 333 S.E. 2d 245; *State v. Greene,* 285 N.C. 482, 206 S.E. 2d 229 (1974).[2] We have also held that asking leading questions of a youthful witness is proper, particularly when, as here, the inquiry is directed to matters of a sexual nature. *State v. Cobb,* 295 N.C. 1, 8, 243 S.E. 2d 759, 763 (1978).

A trial judge's question propounded for the purpose of clarification is an expression of opinion only if a jury reasonably could

2. *Greene* was decided before the repeal of N.C.G.S. § 1-180 (repealed 1977) which provided:

§ 1-180. Judge to explain law, but give no opinion on facts.—No judge, in giving a charge to the petit jury in a criminal action, shall give an opinion whether a fact is fully or sufficiently proven, that being the true office and province of the jury, but he shall declare and explain the law arising on the evidence given in the case. He shall not be required to state such evidence except to the extent necessary to explain the application of the law thereto; provided the judge shall give equal stress to the State and defendant in a criminal action.

Case law provided that the provisions of N.C.G.S. § 1-180 were also violated at any stage of the trial "by comments of the testimony of a witness, by remarks which tend[ed] to discredit a witness, . . . or by any other means which intimate[d] an opinion of the trial judge in a manner which would deprive an accused of a fair and impartial trial before the jury." *State v. Greene,* 285 N.C. at 489, 206 S.E. 2d at 233-34; *State v. Belk,* 268 N.C. 320, 150 S.E. 2d 481 (1966).

infer that the question intimated an opinion as to a factual issue, the witness's credibility or the defendant's guilt. *State v. Blackstock*, 314 N.C. at 236, 333 S.E. 2d at 248; *State v. Yellorday*, 297 N.C. 574, 581, 256 S.E. 2d 205, 210 (1979). This is not such a case. In the present case, the defendant relies on *State v. McEachern*, 283 N.C. 57, 194 S.E. 2d 787 (1973), in urging this Court to grant a new trial. In *McEachern*, before there was any testimony from the victim that she had been raped, the trial judge asked the victim on the stand, "Let me ask you a question of clarification before you go further, you were in the car when you were raped?" *Id.* at 59, 194 S.E. 2d at 789. This Court found that the question by the trial judge was an improper expression of opinion that might have affected the verdict in that it assumed that the victim had been raped.

The present case is distinguishable from *McEachern* because here the trial judge did not assume facts not in evidence. The victim had testified that the defendant had touched his penis. The eight-year-old victim was asked rather ambiguous questions concerning whether he had been touched by the defendant in that manner on previous occasions. A jury could not reasonably infer that the question expressed the judge's opinion that the witness had been touched between the legs. The question was clearly for the purpose of clarification of answers to somewhat ambiguous questions asked of a youthful witness concerning a delicate matter. This assignment of error is without merit.

[4] By his next assignment of error, the defendant complains that it was plain error for the trial court to allow certain witnesses to testify that the victim tells the truth and that his out-of-court statements were consistent with his trial testimony. The defendant submits that the trial court committed prejudicial error during the State's direct examination of the victim's mother by admitting the following question and answer:

Q. Do you think he [the victim] tells the truth?

A. Yes, I do.

The defendant argues that this testimony violated N.C.G.S. § 8C-1, Rule 608(a) which provides that evidence of the character for truthfulness of a witness is admissible only after it has been attacked. He argues that this rule was violated because the vic-

tim's character for truthfulness had not been attacked. Further, the defendant submits that the witness's answer was an improper lay opinion.

The defendant did not object or otherwise indicate at trial that he was dissatisfied with the foregoing exchange. Therefore, this issue must be analyzed according to the plain error doctrine. *State v. Black*, 308 N.C. 736, 303 S.E. 2d 804 (1983). Even assuming *arguendo* that the exchange did constitute error, our required review of the entire record leads us to conclude it was not plain error. The appellant has not shown that absent the error the jury probably would have reached a different result. *See State v. Walker*, 316 N.C. 33, 340 S.E. 2d 80. It is unlikely that the jury gave great weight to the fact that a mother believed that her son was truthful. We believe this evidence had little, if any, impact on the jury's decision and did not "tilt the scales" causing the jury to convict the defendant. *See id.* We find no plain error.

Next, the defendant argues that it was plain error for the trial court to allow the victim's mother to testify without objection as follows:

Q. During all the time that you have talked to [the victim] has he ever told you anything different than what he told here today?

A. No.

This question taken in context did not require the witness to characterize the victim's testimony as truthful or untruthful, but merely asked whether he had recanted his story at any time. She was asked to testify only from her own knowledge and was not required to draw any conclusions. This was a question of fact within the knowledge of the witness. The trial court did not commit plain error by allowing introduction of this testimony.

Similarly, the defendant complains that the following exchange during the testimony of the victim's sister constituted plain error.

Question: Have you and [the victim] ever talked about it since then?

Answer: Well, not alone, like. We—

Question: Just with the rest of the family?

Answer: Yes, sir.

Question: Have you ever heard him say anything else, Tracy, that it wasn't true, that he made it up or anything like that?

Answer: About this?

Question: Yes?

Answer: No, sir.

For the same reasons discussed above, we conclude that admission of this testimony was not plain error.

[5] The defendant's final argument under this assignment of error concerns the testimony of Detective Linda Sturgill, as follows:

Question: A number of times, you have had a number of occasions to speak to [the victim] other than that first time?

Answer: I have talked with [the victim] on two occasions.

Question: Has he ever told you anything inconsistent with what he told you that first time?

Answer: No, sir.

The defendant contends that the admission of that testimony, even without objection, was plain error. We agree that the testimony about which the defendant belatedly complains was improper. Inconsistencies in a witness's testimony or pretrial statements are for the jury to determine as fact finders. *State v. Corbett*, 309 N.C. 382, 401-02, 307 S.E. 2d 139, 151 (1983). The opinion and inferences of the witness as to whether the statements of the victim had been at all times consistent were not sufficiently "helpful to a clear understanding of [the witness's] . . . testimony or the determination of a fact in issue" to be admissible in the present case. N.C.G.S. § 8C-1, Rule 701 (1986). It would have been proper, however, for Detective Sturgill to testify as to the statements made to her by the victim and let the jury determine whether they were inconsistent.

We turn, then, to decide whether the defendant, having failed to object or except at trial, is entitled to any relief on appeal as a

result of the error. We again must apply the plain error doctrine. *State v. Black*, 308 N.C. 736, 303 S.E. 2d 804.

It appears from our required review of the entire record that the bulk of Detective Sturgill's testimony related to prior statements of the victim and was corroborative of the victim's testimony. Very little of the evidence presented through this witness had not already been heard by the jury. The jury had the victim's prior statements before it and could compare them. Therefore, the defendant has not met his burden of showing that the witness's testimony prejudiced the jury and caused it to reach a different verdict than it otherwise would have reached. *See State v. Walker*, 316 N.C. 33, 340 S.E. 2d 80. We conclude that the error was not plain error.

[7] By his next assignment of error, the defendant contends that the trial court committed plain error by admitting into evidence certain oral and written out-of-court statements made by the victim to Detective Sturgill. The defendant argues that this testimony by Sturgill was not admissible as corroborative evidence because it went beyond the earlier testimony of the victim. This assignment of error is without merit.

In the recent case of *State v. Riddle*, 316 N.C. 152, 340 S.E. 2d 75 (1986), we again defined "corroboration" by stating that:

> Corroboration is "the process of persuading the trier of the facts that a witness is credible." 1 Brandis on North Carolina Evidence § 49 (2d rev. ed. 1982). We have defined "corroborate" as "to strengthen; to add weight or credibility to a thing by *additional and confirming* acts or evidence." *State v. Higgenbottom*, 312 N.C. 760, 769, 324 S.E. 2d 834, 840 (1985). Prior consistent statements of a witness are admissible as corroborative evidence even when the witness has not been impeached. *State v. Martin*, 309 N.C. 465, 308 S.E. 2d 277 (1983); *State v. Perry*, 298 N.C. 502, 259 S.E. 2d 496 (1979); *State v. Best*, 280 N.C. 413, 186 S.E. 2d 1 (1972). However, the prior statement must in fact corroborate the witness' testimony. *State v. Martin*, 309 N.C. 465, 308 S.E. 2d 277; *State v. Warren*, 289 N.C. 551, 223 S.E. 2d 317 (1976).

*Id.* at 156-57, 340 S.E. 2d at 77-78 (emphasis added).

[6] In order to be corroborative and therefore properly admissible, the prior statement of the witness need not merely relate to specific facts brought out in the witness's testimony at trial, so long as the prior statement in fact tends to add weight or credibility to such testimony. *State v. Riddle,* 316 N.C. 152, 156-57, 340 S.E. 2d 75, 77-78 (1986); *State v. Higgenbottom,* 312 N.C. 760, 768-69, 324 S.E. 2d 834, 840 (1985); *State v. Burns,* 307 N.C. 224, 231, 297 S.E. 2d 384, 388 (1982). *See State v. Ollis,* 318 N.C. 370, 348 S.E. 2d 777 (1986). Our prior statements are disapproved to the extent that they indicate that additional or "new" information, contained in the witness's prior statement but not referred to in his trial testimony, may never be admitted as corroborative evidence. *E.g., State v. Moore,* 301 N.C. 262, 274, 271 S.E. 2d 242, 249-50 (1980); *State v. Brooks,* 260 N.C. 186, 189, 132 S.E. 2d 354, 357 (1963). However, the witness's prior statements as to facts not referred to in his trial testimony *and not tending to add weight or credibility* to it are not admissible as corroborative evidence. Additionally, the witness's prior contradictory statements may not be admitted under the guise of corroborating his testimony.[3]

[7] In the present case, the corroborative evidence about which the defendant complains includes the following exchange during the testimony of Detective Sturgill:

> Q. All right. Did you ask [the victim] if this had ever happened before?
>
> A. Yes, I did.
>
> Q. What did he say?
>
> A. He said yes it had. And he told me he was five years old, that he could remember when he was five years old and they lived in a trailer and that Mr. Ramey would come by and get him and go to work on other trailers and that he would do these same things tomorrow and he would always tell him not to tell anyone and he would buy him ice cream and drinks and candy.

---

3. But contradictory evidence contained in any statement by the witness may be introduced by any party, including the party calling the witness, for purposes of attacking his credibility. *See, e.g.,* N.C.G.S. § 8C-1, Rules 607 and 806 (1986).

The defendant also complains of the court's admission into evidence of a pretrial written statement by the victim wherein he stated that the defendant "put his mouth on my ding dong. he [sic] used his hands on my ding dong. Mr. Ramey started doing this when I was 5 yers [sic] old."

The victim had previously testified that "this" had happened to him before, that the first time "this" ever happened was when he was five years old, and that it had happened to him more than five times. His testimony clearly indicated a course of continuing sexual abuse by the defendant. The victim's prior oral and written statements to Detective Sturgill, although including additional facts not referred to in his testimony, tended to strengthen and add credibility to his trial testimony. They were, therefore, admissible as corroborative evidence. *See State v. Higgenbottom*, 312 N.C. 760, 324 S.E. 2d 834; *State v. Burns*, 307 N.C. 224, 297 S.E. 2d 384. The jury could not be allowed to consider this evidence for any other purpose, however, and whether it in fact corroborated the victim's testimony was, of course, a jury question. We find no error in the admission of Detective Sturgill's testimony in this regard for corroborative purposes.

[8] The defendant next contends that the trial court committed error in allowing the victim's mother to testify as to what a counselor told her concerning the victim's behavior. During the defendant's cross-examination of the victim's mother, he questioned her as to whether she had noticed anything unusual about the victim. Over the defendant's objection, she was allowed to answer that a counselor told her that the victim felt much resentment and anger. The defendant now contends that such testimony was hearsay highly prejudicial to the defendant in that it inferred that the resentment and anger was caused by the defendant's misconduct.

It is well established that the erroneous admission of hearsay, like the erroneous admission of other evidence, is not always so prejudicial as to require a new trial. *State v. Sills*, 311 N.C. 370, 317 S.E. 2d 379 (1984); *State v. Powell*, 306 N.C. 718, 295 S.E. 2d 413 (1982); *State v. White*, 298 N.C. 430, 259 S.E. 2d 281 (1979). N.C.G.S. § 15A-1443(a) provides:

A defendant is prejudiced by errors relating to rights arising other than under the Constitution of the United

States when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises. The burden of showing such prejudice under this subjection is upon the defendant.

Assuming *arguendo* that the testimony was inadmissible hearsay, we are not convinced that the defendant was prejudiced by its admission. The testimony merely related to the existence of the victim's resentment and anger and not to their cause. Even if the defendant is correct in stating that the testimony provided an inference that his actions caused the victim's resentment and anger, there was other testimony by the victim's mother to the same effect and explaining further the victim's behavioral problems. In fact, the additional testimony was elicited from the victim's mother by the defendant after she gave the answer to which the defendant objected. The defendant has not shown that there is a reasonable possibility that the jury would have found him not guilty but for this testimony. We therefore overrule this assignment of error.

[9]  By his next assignment of error, the defendant argues that the trial court erred in limiting him to six character witnesses and in allowing his remaining witnesses to stand up and give their names and addresses to the jury without first being sworn. The defendant argues that the trial court violated his constitutional rights to call witnesses in his behalf and to a fair trial and violated N.C.G.S. § 8C-1, Rule 603, which requires witnesses to testify under oath or affirmation. We find no merit in this argument.

The record shows that the defendant had called and examined six character witnesses when the trial judge asked him to list the remaining character witnesses and have them stand and state their names and addresses. The defendant did so without objection. The jury was informed by comments of the court and counsel that these witnesses were present to attest to the defendant's good character and reputation in the community. Seven witnesses stood up and gave their names and addresses to the jury. One witness was allowed to tell the jury that he was a minister of Rural Hall Church of God.

The trial court, as a matter of discretion, may limit the number of character witnesses a party may call. *State v. McCray*, 312 N.C. 519, 324 S.E. 2d 606 (1985); *State v. Wright*, 274 N.C. 380, 163 S.E. 2d 897 (1968). *See* N.C.G.S. § 8C-1, Rules 403 and 611(a) (1986). The trial court did not err in limiting the defendant here to introducing the testimony of six character witnesses.

As to the defendant's complaint that his remaining character witnesses were not sworn when they gave their names and addresses, and when the minister stated his profession and church, we find no error. Even assuming *arguendo* that this was error under Rule 603, however, it could not have been prejudicial to the defendant's case. Therefore, this assignment of error is overruled.

[10] Finally, the defendant assigns as error the trial court's denial of his motion to dismiss at the close of all the evidence. The defendant maintains that there was a fatal variance between the allegations contained in the indictment and the actual proof presented by the State with regard to the date of the offense. The defendant suggests that he was misled thereby and deprived of the opportunity to present an adequate defense. We find no merit in this argument.

This Court has stated on a number of occasions that the State may prove that the crime charged was in fact committed on some date other than that alleged in the indictment. *State v. Sills*, 311 N.C. 370, 317 S.E. 2d 379; *State v. Whittemore*, 255 N.C. 583, 122 S.E. 2d 396 (1961). *See also* N.C.G.S. § 15-155. However, this rule cannot be used to "ensnare" a defendant and deprive him of the opportunity to adequately defend himself. *State v. Whittemore*, 255 N.C. at 592, 122 S.E. 2d at 403.

The defendant in this case was not misled and deprived of the opportunity to present his defense. The warrant and bill of indictment showed the date of the offense as 13 March 1985. Although the victim was unable to state the exact date of the offense and could only state that it occurred sometime in March, the defendant was put on notice as to the boy's uncertainty during a probable cause hearing. At the probable cause hearing, the defendant was given the opportunity to cross-examine the victim with regard to the date of the offense. The defendant had notice that the State was not relying on the exact date alleged in the warrant and indictment.

·  Additionally, the defendant did not in fact rely on the date stated in the indictment. He presented alibi evidence as to 15 March 1985, not 13 March 1985. His defense was based on the underlying occurrences from which the date of the offense had been approximated, the date on which the defendant picked up the victim and had him crawl through a window, and not the date stated in the indictment. Thus, the defendant has not shown any prejudice due to the variance, and we overrule this assignment of error.

For the reasons stated herein, we hold that the defendant received a fair trial free from prejudicial error.

No error.