STATE OF NORTH CAROLINA v. RONALD LEE BURTON

No. 64A87

(Filed 2 June 1988)

**Criminal Law § 89.4— murder—prior inconsistent statement of witness—erroneously admitted—prejudicial**

The trial court erred in a prosecution for murder and assault with a deadly weapon with intent to kill inflicting serious injury by admitting as corroborative evidence a witness's recorded statement to an officer where the recorded statement was inconsistent with the witness's trial testimony. Although corroborative testimony may contain new or additional information which tends to strengthen or add credibility to the testimony which it corroborates, the statement in this case directly contradicted the witness's sworn testimony. There was prejudice in that defendant's only defense was defense of others from the victim's assault and the prior statement was that the victim was lying flat on his back when he was shot by defendant. N.C.G.S. § 15A-1443(a).

APPEAL of right by the defendant pursuant to N.C.G.S. § 7A-27(a) from a judgment imposing a sentence of life imprisonment for first degree murder entered by *Ellis, J.,* at the 27 October 1986 Criminal Session of Superior Court, ALAMANCE County. Heard in the Supreme Court on 17 March 1988.

*Lacy H. Thornburg, Attorney General, by Reginald L. Watkins, Special Deputy Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Daniel R. Pollitt, Assistant Appellate Defender, for the defendant appellant.*

MITCHELL, Justice.

The defendant, Ronald Lee Burton, was tried upon separate bills of indictment for the murder of Willard Jones and for assault with a deadly weapon with intent to kill inflicting serious injury

on Adrian Miles. The jury returned verdicts finding the defendant guilty of both charges. The trial court arrested judgment in the assault case and sentenced the defendant to life imprisonment for first degree murder.

On appeal to this Court, the defendant brings forward three assignments of error relating to the jury instructions and the admissibility of evidence. Having concluded that the trial court erred in overruling the defendant's objection to the use of a tape recorded statement for corroborative purposes, we award the defendant a new trial.

The State's evidence at trial tended to show, *inter alia*, that on the evening of 23 March 1986, two groups of friends were drag racing on rural Graham Fleming Road in Alamance County. One of the drag racing groups consisted of Gregory Florence, Harry Teal, and the defendant. The other group consisted of Adrian Miles, Gattis Farris, Willard Jones, and Jones' girlfriend. During the evening Miles and Florence got into an argument about a twenty dollar bet on one of the races. Miles quickly got the upper hand, pinned and straddled Florence, and began beating him on the head. Florence yelled to the people in the crowd, "Get this man off me, he is trying to kill me." The defendant, who was carrying a .22 pistol, yelled for someone to get Miles off, otherwise he was going to shoot. Miles and Florence continued struggling. The defendant fired one shot, which struck Miles in the arm. He then fired again and struck Miles in the leg. The defendant then turned around and shot two more times "in the air." These two shots struck Willard Jones in the left chest and right back. He died later from blood loss. The defendant said that he knew a car was parked in the direction he was shooting, but that he did not know anyone was over there because it was very dark.

The defendant left the scene with Florence and Teal. Teal took the defendant home. Because the defendant was afraid, he went to a friend's house for about an hour, and then left for the home of another friend where he "believes" he may have spent the night. The next morning the defendant threw his gun into a field near his home and had his mother drive him to the police station.

The defendant was tried for the felony murder of Jones with the underlying felony being the assault on Miles. He presented as

a defense the "defense of others," i.e., that he was lawfully defending Florence from Miles' assault.

At trial the State offered the testimony of Samuel Herbin, who had observed the shooting. In response to the prosecutor's question as to who was on top just before the shooting, Herbin testified, "[Miles], he was on top of him. Well, it was like [Miles], he was on top of Florence. He was trying to hit him . . . in the face." Later, the State called Detective Phil Ayers to play a tape recording of an interview he had with Herbin on 2 April 1986. Defense counsel objected and requested a voir dire. During the voir dire, the trial court listened to a reading of the transcripts of the tape and specifically ruled on the admissibility of each particular challenged question and answer on the tape. The trial court overruled all of the defendant's objections and stated with respect to Herbin's answers, it would "let the jury determine whether or not that is consistent with the testimony." In the tape recorded interview Detective Ayers asked Herbin, "Was [Miles] facing [defendant] when he got shot?" Herbin answered, "He was turning around like this. *He was lying flat down on his back.*" (Emphasis added.)

In his first assignment of error, the defendant contends that the trial court committed prejudicial error by overruling his objections to the playing of witness Herbin's recorded statements. The defendant argues that Herbin's recorded statement that Miles was lying flat down on his back when he was shot was not hearsay admissible for corroborative purposes as a prior consistent statement, because it was not in fact consistent with Herbin's trial testimony.

Herbin did not testify, either explicitly or implicitly, that Miles was on his back when he was shot. Quite to the contrary, Herbin testified that Miles was on top of Florence trying to hit him in the face. Because Herbin's recorded statement was inconsistent with his trial testimony, the defendant argues that the recorded statement should have been excluded from evidence as noncorroborative.

Corroboration is defined as the "process of persuading the trier of facts that a witness is credible." 1 Brandis on North Carolina Evidence § 49 (2d ed. 1982). Prior consistent statements of a witness are admissible as corroborative evidence, even when

the witness has not been impeached. *State v. Martin*, 309 N.C. 465, 308 S.E. 2d 277 (1983). To be admissible as corroborative evidence, prior consistent statements must tend to add weight or credibility to the witness's testimony, but it is well established that the corroborative testimony may contain "new or additional information when it tends to strengthen and add credibility to the testimony which it corroborates." *State v. Kennedy*, 320 N.C. 20, 35, 357 S.E. 2d 359, 368 (1987). *Accord, State v. Howard*, 320 N.C. 718, 360 S.E. 2d 790 (1987); *State v. Ramey*, 318 N.C. 457, 349 S.E. 2d 566 (1986) (disapproving prior cases *contra*); *State v. Higgenbottom*, 312 N.C. 760, 324 S.E. 2d 834 (1985); *State v. Burns*, 307 N.C. 224, 297 S.E. 2d 384 (1982).

In *State v. Ramey*, 318 N.C. 457, 349 S.E. 2d 566 (1986), we stated:

> In order to be corroborative and therefore properly admissible, the prior statement of the witness need not merely relate to specific facts brought out in the witness's testimony at trial, so long as the prior statement in fact tends to add weight or credibility to such testimony. . . . Our prior statements are disapproved to the extent that they indicate that additional or "new" information, contained in the witness's prior statement but not referred to in his trial testimony, may never be admitted as corroborative evidence. . . . However, the witness's prior statements as to facts not referred to in his trial testimony *and not tending to add weight or credibility* to it are not admissible as corroborative evidence. Additionally, the witness's *prior contradictory statements may not be admitted under the guise of corroborating* his testimony.

*Id.* at 469, 349 S.E. 2d at 573-74 (emphasis added) (citations omitted).

In the instant case Herbin testified on direct examination that Miles was on top of Florence only moments before the defendant started shooting. In the tape recorded interview with Detective Ayers, however, Herbin stated that Miles was lying flat on his back when he was shot. The State contends that Herbin's statement tended to add weight or credibility to his trial testimony even though his testimony did not refer to the same facts contained in his statement. The State argues that any inconsist-

encies "go only to [Herbin's] credibility at trial, however, not the admissibility of the corroborative evidence . . . ." *State v. Baize*, 71 N.C. App. 521, 525, 323 S.E. 2d 36, 39 (1984), *disc. rev. denied*, 313 N.C. 174, 326 S.E. 2d 33 (1985). We disagree.

The facts in the present case are not analogous to those in *Ramey* in which the victim's prior statements, although including additional facts not referred to in his testimony, tended to strengthen and add credibility to his trial testimony. Herbin's prior recorded statement actually directly contradicted his sworn testimony. Therefore, it was not admissible under the guise of corroborative evidence. *State v. Ramey*, 318 N.C. at 469, 349 S.E. 2d at 574.

Moreover, the defendant was prejudiced by the erroneous introduction of Herbin's prior inconsistent statement. The defendant's only defense in this case was the defense of others; that he was lawfully defending Florence from Miles' assault. A jury would not be inclined to accept such a defense if it believed that the alleged assailant who had to be stopped was lying flat on his back when he was shot.

The defendant testified that Miles was on top of and astraddle Florence beating him in the head when the defendant fired both shots. In sharp contrast, Miles testified that he was shot in the shoulder, that he "rolled off," that he "laid down," and that the defendant "then . . . shot me again in the leg." Thus, Herbin's inadmissible prior inconsistent statement that Miles was lying flat down on his back when he was shot by the defendant went to a hotly contested question of fact which was crucial to the defense. The defendant has met his burden of showing a reasonable possibility that a different result would have been reached had the error in question not been committed. N.C.G.S. § 15A-1443(a) (1983). Therefore, the defendant must receive a new trial.

We decline to address the defendant's remaining assignments of error, as they are not likely to arise upon a new trial.

New trial.