ELMORE, Judge.
Tony Allen Hilderbran (defendant) was found guilty of felonious speeding to elude arrest and assault with a deadly weapon on a government officer after a two-day jury trial. From this conviction, defendant appeals. For the reasons stated herein, we hold that the trial court did not err.
On 18 August 2001 at approximately 8:00 p.m., Allen Long (Officer Long), a corporal with the Claremont Police Department, and Arthur Stamey (Sergeant Stamey), a sergeant with the Claremont Police Department, conducted a license checkpoint on Old Catawba Road. Sergeant Stamey checked licenses in the westbound lane while Officer Long checked licenses in the eastbound lane. At approximately 8:18 p.m., Officer Long observed a black Ford Thunderbird approach the checkpoint traveling east. Officer Long approached the driver of the black Ford Thunderbird and asked to see his driver's license. The driver was a white male, appeared to be in his forties, with long blond hair and a blond moustache. Officer Long observed the driver for approximately five seconds. The driver reached towards his back pocket as if to retrieve his license and Officer Long walked to the rear of the vehicle to inspect the license plate. When Officer Long reached the rear of the vehicle, the vehicle sped off. Officer Long yelled for the driver to stop.
Sergeant Stamey, hearing Officer Long yell, turned to see what was happening and was positioned approximately twenty-five feet from Officer Long. Sergeant Stamey stepped into the eastbound lane of traffic, threw his hands up and yelled for the driver to stop. The driver did not stop the vehicle. Instead, the black Ford Thunderbird increased speed as it approached Sergeant Stamey. Sergeant Stamey, to avoid being struck by the black Ford Thunderbird, jumped on the hood of a car stopped in the westbound lane of traffic for the license checkpoint. Sergeant Stamey observed the vehicle and the driver for approximately two to five seconds. Sergeant Stamey testified that he recognized the driver and the vehicle, but was unable to name the driver from memory.
Officer Long and Sergeant Stamey went to their vehicles and separately pursued the black Ford Thunderbird. At trial, Officer Long estimated that the pursued vehicle attained speeds of 90-100miles per hour during the pursuit. During the pursuit, Officer Long was able to view the license plate and requested, by radio, a check of the vehicle registration. The pursuit came to an end when the black Ford Thunderbird lost control, left the roadway and struck a tree. The driver exited the vehicle and fled on foot into the nearby woods. Officer Long, Sergeant Stamey, and deputies from Catawba County Sheriff's Department searched the woods for approximately one and a half hours in an attempt to apprehend the driver.
At approximately 10:30 p.m., a Catawba County Sheriff's deputy showed Officer Long a photograph of the defendant and asked whether the person in the photograph was the driver of the black Ford Thunderbird. Officer Young identified the person in the photograph as the driver of the black Ford Thunderbird. Sergeant Stamey was also shown the photograph and asked whether the person in the photograph was the driver of the black Ford Thunderbird. Sergeant Stamey identified the person in the photograph as the driver. As a result of the positive identification of the defendant as the driver, Officer Long procured a warrant for the defendant's arrest, charging defendant with assault with a deadly weapon on a government officer. Defendant was arrested and released on bond pending trial.
On 5 November 2001, the Catawba County grand jury returned an indictment charging the defendant with assault with a deadly weapon on a government officer and felony speeding to elude arrest. Defendant was found guilty as charged at the close of trial and wassentenced to 36 to 44 months imprisonment. Defendant gave notice of appeal in court at the close of sentencing on 16 January 2003.
Defendant, in his first and second assignments of error, assigns as error the trial court's denial of his motions to suppress the identification testimonies of Officer Long and Sergeant Stamey. Defendant contends that the process by which he was identified was improper and a violation of his due process rights. We disagree.
Our Supreme Court has held:
Identification procedures which are so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification violate a defendant's right to due process. . . . [T]o determine the suggestiveness of pretrial identification, the test is whether the totality of the circumstances reveals a pre-trial procedure so unnecessarily suggestive and conducive to irreparable mistaken identity as to offend fundamental standards of decency and justice.
State v. Grimes, 309 N.C. 606, 609, 308 S.E.2d 293, 294 (1983) (citations omitted). During the voir dire testimony, Officer Long testified that he observed the driver for approximately five seconds and spoke with him. Based on this interaction, Officer Long was able to accurately describe the driver's physical attributes to other officers assisting in the search for the driver. Sergeant Stamey testified, on voir dire, that he was able to observe the driver for a couple of seconds as the car veered towards him. Based on this observation, Sergeant Stamey recognized the driver as someone he had seen around town on previous occasions. Sergeant Stamey testified that he had positivelyidentified the defendant as the driver prior to being shown the photograph. Upon careful review of the transcript, the record, and the briefs, we conclude that the trial court did not err in denying defendant's motions to suppress.
In defendant's next assignment of error, defendant contends the trial court erred by intervening and interjecting the court into the voir dire identification testimonies of Officer Long and Sergeant Stamey. Defendant contends that the trial court abandoned its impartiality and assumed the role of the prosecutor in questioning the witnesses on voir dire. However, defendant failed to object to the trial court's questioning. As such, this assignment of error is not properly before this court.
Rule 10(b)(1) of the North Carolina Rules of Appellate Procedure provides, in pertinent part, "[i]n order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection, or motion stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C.R. App. P. 10(b)(1) (2004). Moreover, plain error review is not available to defendant because he did not, in his brief, assert specifically and distinctly that the error committed by the trial court amounted to plain error. See N.C.R. App. P. 10(c)(4); State v. Nobles, 350 N.C. 483, 514-15, 515 S.E.2d 885, 904 (1999).
Assuming arguendo that defendant's assignment of error was properly preserved or presented, we find that the trial court did not err by asking questions of the witnesses on voir dire. "It iswell established by both statute and case law that it is improper during any stage of the trial for a trial judge in the presence of the jury to express his opinion on any question of fact to be decided by the jury." State v. Ramey, 318 N.C. 457, 464, 349 S.E.2d 566, 571 (1986). In this case, there is no need to determine whether the trial court improperly expressed an opinion by questioning the witnesses, because the questioning occurred during voir dire, in the absence of the jury. Because the jury was not present, the questions asked could not have conveyed any message at all to the jury. This assignment of error is without merit.
In defendant's final assignment of error, defendant contends that the trial court erred by denying defendant's motion to dismiss both charges against defendant at the close of the State's evidence. Defendant did not present any evidence. Specifically, defendant challenges the sufficiency of the evidence to identify the defendant as the driver of the vehicle and to find the requisite intent to support a conviction for assault with a deadly weapon on a government officer.
We first note that defendant has failed to cite any supporting authority for this assignment of error. Pursuant to Rule 28(b)(6) of the North Carolina Rules of Appellate Procedure, this argument is deemed abandoned. N.C.R. App. P. 28(b)(6); See also State v. Alston, 341 N.C. 198, 224, 461 S.E.2d 687, 700 (1995)(holding an assignment of error abandoned where defendant failed to cite supporting authority). Assuming arguendo that this assignment of error is not abandoned by defendant's failure to cite any authority, we find no error. In State v. Powell, 299 N.C. 95, 261 S.E.2d 114 (1980), our Supreme Court held that "[U]pon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." State v. Powell, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980) (citations omitted). The evidence must be viewed in the light most favorable to the State, giving the State the benefit of all reasonable inferences. State v. Benson, 331 N.C. 537, 544, 417 S.E.2d 756, 761 (1992).
Defendant asserts that there was insufficient evidence that defendant was the driver of the vehicle and, therefore, the perpetrator of the crimes. At trial, Officer Long and Sergeant Stamey each testified that the defendant was the driver of the black Ford Thunderbird on 18 August 2001 during the commission of the crimes charged. No evidence was presented to suggest that any other person had been the driver of the vehicle during the commission of the crimes. Viewed in the light most favorable to the State, there was substantial evidence that defendant was the perpetrator of the offenses charged.
Next, defendant asserts that the evidence was insufficient to establish the element of intent required for assault with a deadly weapon on a government official. This assertion is not supportedby law. "A show of violence, causing `the reasonable apprehension of immediate bodily harm' whereby another person is put in fear, and thereby forced to leave a place where he has a right to be, is sufficient to make out a case of assault." State v. Allen, 245 N.C. 185, 189, 95 S.E.2d 526, 529 (1956) (citations omitted). The evidence offered at trial tended to show that defendant sped off from the license checkpoint, failed to stop for either Officer Long or Sergeant Stamey, and veered towards Sergeant Stamey, such that Sergeant Stamey was forced to leave the roadway and seek safety on the hood of a stopped vehicle in the westbound lane of traffic. Sufficient evidence of each essential element of the offense charged was presented. The trial court correctly denied defendant's motion to dismiss.
No Error.
Judges TIMMONS-GOODSON and BRYANT concur.
Report per Rule 30(e).