An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-289

NORTH CAROLINA COURT OF APPEALS

Filed: 7 October 2014

STATE OF NORTH CAROLINA

v.                                    Union County
                                      No. 12 CRS 52806
DANIEL HERNANDEZ RIQUELME


Appeal by defendant from judgment entered 18 September 2013 by Judge Jeffrey P. Hunt in Union County Superior Court. Heard in the Court of Appeals 9 September 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Jennifer T. Harrod, for the State.*

> *James W. Carter for defendant-appellant.*


BRYANT, Judge.


Where the trial court did not err in admitting the video of the witness' interview with police as corroborating evidence and where the trial court did not err in denying defendant's motion to dismiss the charge of taking indecent liberties with a child, we hold no error.

On 4 September 2012, a Union County Grand Jury indicted defendant on one count of taking indecent liberties with a minor. The matter came to trial on 16 September 2013 before a Union County jury, the Honorable Jeffery P. Hunt, Judge presiding. The evidence presented at trial tended to show that in May 2012, Carl,[1] a nine-year-old boy who lived in the same apartment complex as defendant, went to defendant's apartment to ask for money. Carl wanted to buy his mother a Mother's Day gift. Carl had been to defendant's residence before to watch a movie, and defendant had previously purchased toys for Carl. Defendant said he would give Carl money and invited Carl into the residence. Defendant instructed Carl to go to defendant's bed. While Carl lay on the bed, defendant instructed Carl to close his eyes. Then defendant kissed Carl on his mouth and neck. Carl testified that this went on for ten to fifteen minutes before Carl made up an excuse to leave.

Later, when Carl's younger brother told his mother that he had been in defendant's apartment, Carl told his mother what had happened while Carl was inside defendant's apartment. Carl's mother immediately called the police.

---

[1] A pseudonym has been used to protect the identity of the juvenile.

After the presentation of evidence and arguments of counsel, the jury found defendant guilty of taking indecent liberties with a child. The trial court entered judgment in accordance with the jury verdict and sentenced defendant to an active term of 16 to 29 months. Defendant appeals.

_____

On appeal, defendant raises the following issues, whether the trial court: (I) committed plain error by admitting the video of Carl's interview with police; and (II) erred in denying defendant's motion to dismiss the charge of taking indecent liberties with a child.

*I*

Defendant argues that the trial court committed plain error by admitting the video of Detective Garcia's interview with Carl. Specifically, defendant contends that statements made during Carl's interview with Detective Garcia contradicted his trial testimony and went beyond the scope of his testimony at trial, introducing new facts. On these grounds, defendant contends that he is entitled to a new trial. We disagree.

> For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial. To show that an error was fundamental, a defendant must establish prejudice—that, after examination of the entire record, the error

had a probable impact on the jury's finding that the defendant was guilty. Moreover, because plain error is to be applied cautiously and only in the exceptional case, the error will often be one that seriously affects the fairness, integrity or public reputation of judicial proceedings.

*State v. Lawrence*, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) (citations and quotations omitted).

"A witness's prior consistent statements may be admitted to corroborate the witness's courtroom testimony." *State v. Harrison*, 328 N.C. 678, 681, 403 S.E.2d 301, 303 (1991) (citation and quotations omitted). "Corroboration is the process of persuading the trier of the facts that a witness is credible. We have defined 'corroborate' as to strengthen; to add weight or credibility to a thing by *additional and confirming* acts or evidence." *State v. Ramey*, 318 N.C. 457, 468, 349 S.E.2d 566, 573 (1986) (citations and quotations omitted). "In order to be corroborative and therefore properly admissible, the prior statement of the witness need not merely relate to specific facts brought out in the witness's testimony at trial, so long as the prior statement in fact tends to add weight or credibility to such testimony." *Id.* at 469, 349 S.E.2d at 573 (citations omitted). "[T]he witness's prior contradictory statements may not be admitted under the guise of

corroborating his testimony." *State v. McCree*, 160 N.C. App. 200, 207, 584 S.E.2d 861, 866 (2003) (citation omitted). However, "[i]f the previous statements offered in corroboration are generally consistent with the witness' testimony, slight variations between them will not render the statements inadmissible. Such variations affect only the credibility of the evidence which is always for the jury." *Harrison*, 328 N.C. at 681—82, 403 S.E.2d at 304 (citations and quotations omitted).

Defendant contends that statements made in Carl's video-recorded interview with Detective Garcia contradicted and "went far beyond" Carl's trial testimony. We note Carl's video-recorded interview was accepted into evidence and played for the jury during Detective Garcia's testimony, prior to the time Carl testified as a witness. In the video, Detective Garcia questions Carl about the sequence of events which led Carl into defendant's apartment. Defendant points out that Carl initially states that he went to defendant's residence and "[h]e dragged me into—." "What did he say?" "That he was going to give me money." Later in the interview, Detective Garcia again asked Carl to explain what happened when he went to defendant's apartment.

> Detective Garcia: Explain to me what happened when you went to his house,

what happened?

. . .

When you were outside and he told you he was going to give you twenty dollars. How did it happen when you went inside?

Carl: First off, I went to his house, I told you. About if I could give him a smoothie [made with strawberries] and he really, really wanted me to come in there. Then he told me he would give me twenty dollars.

Detective Garcia: And then what happened?

Carl: Then he pushed me to his bed.

During the trial, Carl testified that he went to defendant's apartment and asked defendant "if I can borrow like some money. And then he said sure. And then he told me then to get -- like go into the bed . . . ." The difference between Carl's testimony at trial, that defendant told him to "go in to the bed" and his video statement that defendant "pushed [Carl] to his bed," is a slight variation that affects only the credibility and not the admissibility of the video-taped statements. Carl's statements made during his interview with Detective Garcia are not inconsistent with Carl's trial testimony. Therefore, as to this point, defendant's argument is overruled.

Defendant goes on to argue that the jury found defendant guilty of taking indecent liberties with a child in part based on the allegation that "[defendant] told the child to stick out his tongue" so that defendant could kiss him in the mouth. Defendant contends there was no substantive evidence that defendant kissed Carl on the mouth and that the only such evidence came from Carl's interview with Detective Garcia admitted for purposes of corroboration. However, we note Carl's testimony during direct examination at trial.

> A So I went to his house -- I mean apartment. And he said sure. Then he told me to go to the bed and was kissing me. Oh, yeah, then he told me to stick my tongue out.
>
> . . .
>
> Q Where on your body did he kiss you?
>
> A My mouth, my neck a little bit, and he touched me like kind of my arms -- well, maybe my arms.
>
> . . .
>
> Q When this was happening, [Carl], how did you feel?
>
> A Well, disgusted.

This testimony supports the charge that defendant had Carl stick out his tongue so defendant could kiss Carl in the mouth and that defendant did kiss Carl in the mouth. The challenged

video-recorded statements made by Carl during the course of his interview with Detective Garcia did not go beyond the scope of Carl's trial testimony and was properly admitted as corroborative evidence. Therefore, the trial court did not err in admitting the video recording as corroborating evidence. Accordingly, defendant's argument is overruled.

*II*

Next, defendant argues that the trial court erred in denying defendant's motion to dismiss the charge of taking indecent liberties with a child. Specifically, defendant contends there was no evidence defendant willfully committed or attempted to take any immoral, improper, or indecent liberties with Carl for the purpose of arousing or gratifying sexual desire nor did he willfully commit or attempt to commit any lewd or lascivious act upon Carl. We disagree.

"We review denial of a motion to dismiss criminal charges *de novo*, to determine whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense." *State v. Mobley*, 206 N.C. App. 285, 291, 696 S.E.2d 862, 866 (2010) (citation and quotations omitted). "[T]he trial court must analyze the evidence in the

light most favorable to the State and give the State the benefit of every reasonable inference from the evidence. . . . The trial court does not weigh the evidence, consider evidence unfavorable to the State, or determine any witness' credibility." *State v. Trogdon*, 216 N.C. App. 15, 25, 715 S.E.2d 635, 641 (2011) (citation and quotations omitted).

Pursuant to North Carolina General Statutes, section 14-202.1,

> [a] person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:
>
> (1) Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire; or
>
> (2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years.

N.C. Gen. Stat. § 14-202.1(a) (2013).

Defendant testified in his own defense and admitted that at the time of trial he was forty-one years old. Carl testified that at the time of trial he was ten years old. Carl further testified that he went to defendant's apartment to ask for some

money to buy a Mother's Day gift. Once inside defendant's apartment, Carl testified that defendant told him to go to defendant's bed and there, started kissing him. Carl testified that he was lying on the bed and defendant was on top of him.

> Q    Where on your body did he kiss you?

> A    My mouth, my neck a little bit, and he touched me like kind of my arms -- well, maybe my arms.

Carl testified that this encounter went on for ten to fifteen minutes.

As there was substantial evidence that defendant was more than five years older than Carl—who was less than sixteen years old—and that defendant took immoral, improper, or indecent liberties with Carl for the purpose of arousing or gratifying sexual desire,[2] the trial court did not err in denying defendant's motion to dismiss the charge of taking indecent

---

[2] In *State v. Hammett*, this Court held that "[the] defendant's action in 'french kissing' [his thirteen-year-old daughter] constituted a lewd or lascivious act within the meaning of G.S. § 14-202.1(a)(2)." 182 N.C. App. 316, 322, 642 S.E.2d 454, 458 (2007). *See also State v. Banks*, 322 N.C. 753, 767, 370 S.E.2d 398, 407 (1988) (holding that where defendant—a thirty-year-old man—kissed two eight-year-old girls, "putting his tongue in their mouths, ears and noses," the trial court's instruction that such acts were "immoral, improper, or indecent" within the meaning of subsection (1) of N.C. Gen. Stat. ' 14-202.1 and "lewd or lascivious" within the meaning of subsection (2) was proper).

liberties with a child.  *See Mobley*, 206 N.C. App. at 291, 696 S.E.2d at 866.  Accordingly, this argument is overruled.

No error.

Chief Judge McGEE and Judge STROUD concur.

Report per Rule 30(e).