STATE OF NORTH CAROLINA v. TYRONE EDWARD McCREE

No. COA02-1337

(Filed 2 September 2003)

### 1. Sentencing— habitual offender— not ex post facto

Whether an application of the habitual misdemeanor assault statute was ex post facto because prior offenses occurred before the effective date of the statute was controlled by *State v. Smith,* 139 N.C. App. 209, which rejected this argument.

### 2. Sentencing— habitual offender—prior convictions

The transcript showed that defendant pled guilty to five previous misdemeanor convictions and waived his right to a jury determination of his status as an habitual offender, even though he contended that he merely stipulated to the convictions.

### 3. Assault— pointing a gun—sufficiency of evidence

There was sufficient evidence of assault by pointing a gun, even though defendant contended that the intended victim was another, where the victim testified that defendant pointed a gun directly at her and told her not to move, identified defendant both at a photo lineup and in court, and defendant did not contend that he had a legal justification for pointing the gun at the victim.

### 4. Firearms and Other Weapons— possession by felon—operability of weapon

The operability of a firearm is not an essential element of possession of a firearm by a felon, nor is it an affirmative defense.

### 5. Assault— handgun—deadly weapon per se

A handgun is a deadly weapon per se and the State need only show possession of a handgun to establish the deadly weapon element of assault with a deadly weapon inflicting serious injury. The State is not required to show that defendant used the gun with deadly force.

### 6. Assault— circumstantial evidence—sufficient

Defendant's possession of a handgun and the extent of the victim's injuries constituted sufficient circumstantial evidence that an assault was accomplished with a deadly weapon, even though the victim could not remember defendant beating him with a gun.

STATE v. McCREE

[160 N.C. App. 200 (2003)]

**7. Evidence— prior inconsistent statement—inadmissible**

A prior statement by an assault victim that he had been beaten with a gun should have been excluded because he testified at trial that he did not remember defendant striking him with a gun. A witness's prior statements may be admitted to corroborate trial testimony but may not be used as substantive evidence.

**8. Evidence— prior inconsistent statement—prejudicial**

The admission of an assault victim's prior statement that he had been beaten by defendant with a gun was prejudicial, even though there was sufficient circumstantial evidence to submit the charge to the jury, because this statement was the only direct evidence that the victim was struck by the weapon.

**9. Sentencing— consecutive sentence—improperly recorded**

A consecutive sentence that was correct but improperly recorded was remanded for correction of the judgment.

Appeal by defendant from judgments entered 24 July 2002 by Judge Claude S. Sitton in Gaston County Superior Court. Heard in the Court of Appeals 11 June 2003.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Sueanna P. Sumpter, for the State.*

*Carlton, Rhodes & Carlton, by Gary C. Rhodes, for defendant-appellant.*

HUNTER, Judge.

Tyrone Edward McCree ("defendant") appeals his convictions and sentencing for two counts of habitual misdemeanor assault, assault with a deadly weapon, and possession of a firearm by a felon. For the reasons stated herein, we grant defendant a new trial with respect to his conviction for assault with a deadly weapon and remand for correction of a clerical error in the judgment form.

The State's evidence tended to show that around noon on 25 August 2001 defendant, along with another man, approached Walter Brown ("Brown") and Linda Young ("Young") (now Linda Brown) while the two were sitting on the steps of their home in Gastonia, North Carolina. At the time, Young was holding the couple's fifteen-month old daughter on her lap. The two men, including defendant, asked Brown if he was "T.J." When Brown stated that he was "T.J.,"

defendant pulled out a handgun, pointed it at Brown, Young, and their child and told them not to move. Despite defendant's threat, Young took the child and went into the house to call 911. While Young was in the house, defendant struck Brown in his face, on his head, and on his jaw. During the attack, Brown went in and out of consciousness. Brown indicated that he only remembered being struck by a fist on the first blow, and that he could not remember any details regarding the subsequent blows. As a result of the incident, he suffered several injuries including a swollen jaw, several chipped and missing teeth, bruises on his face and head, and a dent in his skull.

Officer Mike McKenzie ("Officer McKenzie"), of the Gastonia City Police Department, investigated the incident. In a victim's impact statement dated 15 September 2001, Brown stated that a man had pointed a gun at him and Young, and that he had been beaten with that gun. Officer McKenzie showed Brown a photographic lineup which included a picture of defendant. Although Brown was unable to identify defendant as his assailant from the lineup, Young was able to identify him. Shortly thereafter, defendant was arrested and charged with three counts of habitual misdemeanor assault pursuant to N.C. Gen. Stat. § 14-33.2 (based on the enhancement of charges of assault by pointing a handgun at Brown, Young, and their child pursuant to N.C. Gen. Stat. § 14-34), feloniously assaulting Brown with a deadly weapon inflicting serious injury pursuant to N.C. Gen. Stat. § 14-32(b), and possession of a firearm by a felon pursuant to N.C. Gen. Stat. § 14-415.1.

At trial, defendant presented evidence tending to show that his brother, Tracy McCree, went to Brown's home upon learning of an altercation between Brown and his father, Buck McCree. When Tracy McCree questioned Brown about the altercation, Brown became hostile. Tracy McCree approached Brown and hit him several times with his fists and then left. Defendant did not accompany his brother on this occasion and was not involved in the beating of Brown.

Based on the evidence presented, the jury found defendant guilty of two counts of habitual misdemeanor assault with respect to his assaults by pointing a gun at both Young and Brown, one count of assault with a deadly weapon on Brown pursuant to N.C. Gen. Stat. § 14.33(c)(1) (a lesser included offense of the original charge of assault with a deadly weapon inflicting serious injury), and possession of a firearm by a felon. Defendant appeals his convictions.

## I.

**[1]** By his first assignment of error, defendant argues the trial court erred in failing to dismiss the habitual misdemeanor assault charges since three of his five prior misdemeanor offenses required to establish the charge occurred before the effective date of the habitual misdemeanor assault statute. Specifically, defendant asserts that three of the prior convictions—two charges of assault with a deadly weapon (92 CRS 28803), and a charge for use of profane language on a highway (90 CRS 22710)—occurred before the enactment of N.C. Gen. Stat. § 14-33.2 and subjects defendant to *ex post facto*. However, this Court expressly rejected this argument in *State v. Smith*, 139 N.C. App. 209, 533 S.E.2d 518 (2000). As we noted in *Smith*,

> the habitual felon statute does not violate the prohibition against *ex post facto* laws because it does not punish defendant for his previous conduct, but rather for his current conduct to a greater degree, due to his previous similar offenses. . . . As the habitual misdemeanor assault statute similarly does not impose punishment for previous crimes, but imposes an enhanced punishment for behavior occurring after the enactment of the statute, because of the repetitive nature of such behavior, we hold the habitual misdemeanor assault statute does not violate the prohibition on *ex post facto* laws.

*Id.* at 214-15, 533 S.E.2d at 521. "Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court." *In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989). Therefore, we are bound by *Smith* and overrule this assignment of error.

## II.

**[2]** Defendant also assigns error to the trial court sentencing him as an habitual misdemeanor offender on the grounds that he neither pled guilty to the offense, nor did the trial court submit the issue to the jury. It is well established that a plea of guilty is equivalent to a conviction and no evidence of guilt is required and no verdict of a jury is required as a prerequisite to the imposition of a lawful sentence. *State v. Shrader*, 290 N.C. 253, 262, 225 S.E.2d 522, 529 (1976). Here, defendant asserts that he merely stipulated to the convictions, and did not plead guilty to the habitual misdemeanor assault charge. Yet, the transcript reveals the trial court entered into the following dialogue with defendant:

THE COURT: With that understanding, do you desire to admit your guilt as to those five previous convictions and to waive your right to a trial by jury in regard thereto?

MR. McCREE: Yes, sir.

THE COURT: Are you, in fact, guilty of those five previous misdemeanors?

MR. McCREE: Yes. Sir.

This portion of the transcript clearly indicates that defendant pled guilty to the five previous misdemeanor convictions and waived his right to a jury determination of his status as an habitual offender. We, therefore, overrule defendant's assignment of error.

III.

By defendant's next assignment of error, he argues the trial court erred in failing to dismiss charges against him due to insufficiency of the evidence. Defendant advances the following contentions: (1) the trial court erred in failing to grant his motion to dismiss the underlying charge of assault by pointing a gun with respect to the alleged assault on Young;[1] (2) the trial court failed to dismiss the charge of possession of a firearm by a felon because the State failed to provide evidence that the gun was operable; (3) the trial court failed to dismiss the charge of assault with a deadly weapon inflicting serious injury on Brown for lack of sufficient evidence that the gun *was* a deadly weapon; and (4) the trial court failed to dismiss the charge of assault with a deadly weapon inflicting serious injury on Brown for lack of sufficient evidence that the injuries were caused by the *use* of a deadly weapon. We address each of defendant's arguments separately.

When determining whether to dismiss a criminal action, the trial court must consider the evidence in the light most favorable to the State, giving the State the benefit of every reasonable inference which may be drawn from the evidence and resolving all inconsistencies in the State's favor. *State v. Davis*, 130 N.C. App. 675, 679, 505 S.E.2d 138, 141 (1998). A motion to dismiss is properly denied if "there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense."

---

1. Defendant also had an underlying charge of assault by pointing a gun on Brown; however, he does not raise this issue on appeal. Therefore, we will not address it.

*State v. Lynch*, 327 N.C. 210, 215, 393 S.E.2d 811, 814 (1990). The term " 'substantial evidence,' " as interpreted by our Supreme Court in the context of a motion to dismiss, is interchangeable with " 'more than a scintilla of evidence.' " *State v. Faison*, 330 N.C. 347, 358, 411 S.E.2d 143, 149 (1991) (citation omitted).

**[3]** Defendant first contends the trial court erred in failing to dismiss the charge of assault by pointing a gun at Young on the grounds that the State failed to prove he *intentionally* pointed the gun at Young. According to defendant, all of the evidence supports the sole inference that Brown was the only intended victim of the alleged assault. We disagree.

The assault by pointing a gun statute, N.C. Gen. Stat. § 14-34 (2001), provides that "[i]f any person shall point any gun or pistol at any person, either in fun or otherwise, whether such gun or pistol be loaded or not loaded, he shall be guilty of a Class A1 misdemeanor." At trial, Young testified that defendant pointed a gun directly at her and told her not to move. She also identified defendant both in a photo lineup and in court as the person who pointed a gun at her. Furthermore, our Courts have interpreted the provisions of Section 14-34 to include an additional qualification that the intentional pointing of a pistol constitutes a violation only if it is done without legal justification. *Lowe v. Department of Motor Vehicles*, 244 N.C. 353, 360, 93 S.E.2d 448, 453 (1956). Defendant does not contend that he had a legal justification to point the gun at the victim. Thus, when viewing the evidence in the light most favorable to the State, we are compelled to conclude that there was sufficient evidence to withstand defendant's motion to dismiss the charge of assault by pointing a gun at Young.

**[4]** Defendant also contends that the charge of possession of a firearm by a felon should have been dismissed on the ground that the evidence failed to support that defendant was in possession of a *working* firearm. Yet, despite defendant's contention, operability of a firearm is not an essential element of the charge of possession of a firearm by a felon, nor is it an affirmative defense. *State v. Baldwin*, 34 N.C. App. 307, 309, 237 S.E.2d 881, 882 (1977); *State v. Jackson*, 353 N.C. 495, 503, 546 S.E.2d 570, 575 (2001). Accordingly, the trial court properly denied defendant's motion to dismiss.

Defendant's remaining two contentions involve the felony charge of assault with a deadly weapon inflicting serious injury. The essential elements of the charge of assault with a deadly weapon inflicting

serious injury are (1) an assault (2) with a deadly weapon (3) inflicting serious injury (4) not resulting in death. N.C. Gen. Stat. § 14-32(b) (2001); *State v. Woods*, 126 N.C. App. 581, 592, 486 S.E.2d 255, 261 (1997). Of these elements, defendant only takes exception with respect to the element requiring the use of a deadly weapon.

[5] Defendant initially contends the State produced insufficient evidence that Brown's injuries were caused by a deadly weapon because in order to establish that a gun is a deadly weapon, the State must show that defendant used the gun with deadly force. However, this Court has previously held that a handgun is a deadly weapon *per se*. *State v. Reives*, 29 N.C. App. 11, 12, 222 S.E.2d 727, 728 (1976). Thus, whether or not deadly force was used to inflict Brown's injuries, the State was merely required to show that defendant possessed a handgun in order to establish the "deadly weapon" element.

[6] Next, defendant contends that even assuming he was in possession of a gun, the State failed to present sufficient evidence that he struck Brown with the weapon because Brown testified that he could not remember being struck with defendant's gun. In light of that testimony, defendant further argues that a prior statement of Brown's whereby he stated that he had been beaten with a gun was erroneously admitted into evidence by the trial court because the prior statement was inconsistent with Brown's trial testimony and, had the statement not been admitted, there would have been no evidence that a gun was used to inflict Brown's injuries.

Here, the State offered evidence that as a result of Brown's beating by defendant he suffered "cuts and dents and bruises on [his] head[,]" could not open his mouth due to swelling, and had a tooth knocked out of his mouth as well as several other chipped and cracked teeth. Brown spent approximately a month on pain medication following the incident and still had visible signs of the beating when he testified at trial approximately eleven months later. Although not direct evidence, this Court has recognized that circumstantial evidence may be sufficient to show whether a deadly weapon was used to inflict injuries on a victim. *See State v. Wright*, 302 N.C. 122, 126, 273 S.E.2d 699, 703 (1981). Specifically, in *State v. Rowland*, 263 N.C. 353, 139 S.E.2d 661 (1965), this Court held that although the victim was hit in the head from behind and did not see who or what hit her, the fact that she was rendered unconscious, sustained a serious injury to her head, and was hospitalized provided sufficient circumstantial evidence for a jury to infer that she was hit with a deadly

weapon. Thus, even in the absence of testimony regarding Brown's prior statement that he was hit with a gun, when viewing the evidence in this case in the light most favorable to the State, defendant's possession of the handgun, coupled with the extent of Brown's injuries, was sufficient circumstantial evidence for the jury to infer that an assault had been accomplished with a deadly weapon. The motion to dismiss the charge of assault with a deadly weapon inflicting serious injury was properly denied.

[7] Nevertheless, we conclude that whether defendant's prior statement was inadmissible must also be determined because it may have impacted the jury's ultimate decision to find defendant guilty of the lesser charge of assault with a deadly weapon. At trial, Brown testified that despite defendant being armed with a handgun, he did not remember defendant striking him with that gun. He testified that he did, however, remember initially being struck by a fist. During redirect examination of Brown, the State presented a statement dated 15 September 2001, in which Brown indicated that he had been beaten with a gun. According to defendant, the statement should have been excluded because it did not corroborate Brown's testimony at trial. We agree.

It is well established that a witness's prior statements may be admitted to corroborate the witness's sworn trial testimony but they may not be used as substantive evidence. *State v. Harrison*, 328 N.C. 678, 681, 403 S.E.2d 301, 303-04 (1991). "In order to be corroborative and therefore properly admissible, the prior statement of the witness need not merely relate to specific facts brought out in the witness's testimony at trial, so long as the prior statement in fact tends to add weight or credibility to such testimony." *State v. Ramey*, 318 N.C. 457, 469, 349 S.E.2d 566, 573 (1986). *See also State v. Mickey*, 347 N.C. 508, 519, 495 S.E.2d 669, 676, *cert. denied*, 525 U.S. 853, 142 L. Ed. 2d 106 (1998). However, prior statements that indicate additional or new information that is not referred to in the witness's trial testimony, may never be admitted as corroborative evidence. *Ramey*, 318 N.C. at 469, 349 S.E.2d at 574. Additionally, the witness's prior contradictory statements may not be admitted under the guise of corroborating his testimony. *Id.* During Brown's testimony at trial, he indicated that he had been struck by a fist, and that he could not remember anything regarding the other times he was hit. At no time during his testimony did he mention that he may have been struck by a handgun. However, in his 15 September 2001 statement he asserted that he was struck with a gun. We hold the prior statement and Brown's trial testimony

were contradictory; and thus, the trial court erred in admitting the prior statement.

**[8]** Despite sufficient circumstantial evidence being offered by which the jury could have inferred that defendant was hit by a deadly weapon, the erroneous admission of Brown's prior inconsistent statement was the only direct evidence that Brown was struck with the weapon. That direct evidence may have persuaded the jury to find defendant guilty of assault with a deadly weapon instead of either assault inflicting serious injury or simple assault, both of which were other lesser included offenses of assault with a deadly weapon inflicting serious injury that were submitted to the jury. Therefore, since we cannot definitively conclude the inadmissible statement was not a significant factor in the jury's verdict, defendant is entitled to a new trial based on his conviction of assault with a deadly weapon. *See generally State v. Frogge*, 345 N.C. 614, 618, 481 S.E.2d 278, 280 (1997).

## IV.

**[9]** By defendant's final assignment of error, he contends the trial court erred in Case No. O1CRS61902 by imposing a consecutive sentence to begin at the end of another sentence with an identical case number. On the judgment form for case number 01CRS61902, the trial court indicated that defendant was sentenced to serve 150 days, and that at the end of this sentence he was to begin serving time for a sentence imposed in case number 01CRS61902—the same case number. The trial court should have listed the second case number as 01CRS61903. The State concedes the trial court erred in placing the incorrect case number on the judgment form, but it contends that the error should not result in our vacating defendant's sentence. In *State v. Lorenzo*, 147 N.C. App. 728, 735, 556 S.E.2d 625, 629 (2001), this Court held that where a sentence was proper, but improperly recorded, the case must be remanded to the trial court to correct the judgment so that it conforms to the sentence. Aside from being improperly recorded on the judgment form, defendant's sentences would have otherwise been correct. Thus we remand defendant's case to the trial court to correct the judgments in the manner stated above.

Partial new trial. Remanded for correction.

Judges TIMMONS-GOODSON and ELMORE concur.