STATE OF NORTH CAROLINA
v.
TIMOTHY LAMONT TAFT.
No. COA07-264
Court of Appeals of North Carolina.
Filed November 6, 2007
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Tawanda Foster-Williams, for the State.
William D. Auman, for defendant-appellant.
WYNN, Judge.
When faced with a request for appointment of substitute counsel, a trial court "must satisfy itself only that present counsel is able to render competent assistance."[1] Here, Defendant Timothy Lamont Taft argues that the trial court improperly denied his motion to continue to allow him to obtain private counsel. Because Defendant failed to show that he was materially prejudiced by the denial of his motion to continue, we affirm.
On 3 January 2005, Deputy John Croley of the Pitt County Sheriff's Office went to 2341 Glen Boulevard in Pitt County, North Carolina, to investigate reports of illegal drug activity. Uponhis arrival, Deputy Croley made contact with a man who identified himself as Defendant. Deputy Croley identified himself and told Defendant that he was investigating possible illegal drug activity. Defendant told Deputy Croley that there was no such activity and proceeded inside the mobile home to retrieve his mother, Ella Fields.
After Ms. Fields came out of the residence, Deputy Croley explained that he was investigating possible illegal drug activity and asked for her consent to search the home. During that time, another male exited the mobile home and identified himself as Alfonso Taft, Defendant's brother. Deputy Croley again explained his investigation and asked all three parties for consent to search the residence. At that time, Alfonso Taft admitted to having marijuana and escorted Deputy Croley to his bedroom where the marijuana was located. Deputy Croley then asked Alfonso Taft if he had any weapons in the residence. Alfonso Taft told Deputy Croley that he had a weapon and told him where to find a .44 Magnum Reuger revolver.
After Deputy Croley retrieved the firearm and marijuana from Alfonso Taft, Ms. Fields consented to a search of the common areas of the home. Additionally, Defendant consented to a search of his bedroom. During the search of Defendant's bedroom, Deputy Croley found a Taurus .44 Magnum revolver in one of Defendant's dresser drawers. On 6 January 2005, Defendant was arrested for possession of a firearm by a felon. Before the start of the jury trial, Defendant's court-appointed attorney made a motion to continue on behalf of his client. Defense counsel noted that the reason for the motion was that Defendant was trying to hire another attorney to represent him. The court asked defense counsel whether the other attorney in fact intended to represent Defendant based on the amount of money Defendant had available to pay him. There is no response to this question in the transcript. Defense counsel then stated that Defendant had never come to his office, but that he was aware of the facts of the case and had read the discovery. The motion to continue was denied.
At trial, at the close of the State's evidence, the defense moved to dismiss the charge of possession of a firearm by a felon based on the fact that the weapon could not be fired. The trial court denied the motion to dismiss, but allowed additional evidence to be offered on the issue of whether the weapon was capable of being fired. At the close of the defense's evidence, Deputy Croley was recalled to testify as to whether the gun was operable. At the end of all the evidence, Defendant renewed his motion to dismiss on the basis that the State did not prove that the gun was operable. The motion was again denied.
After deliberating for thirty-four minutes, the jury found Defendant guilty of possession of a firearm by a felon. Upon conviction of the offense, Defendant stipulated to the status offense of being a habitual felon. The trial court sentenced Defendant to an imprisonment term of 112 to 144 months. Defendant now appeals to this Court, arguing that the trial court erred by: (I) denying his motion to continue; and (II) failing to dismiss the charge of possession of a firearm by a felon.

I.
Defendant first argues that the trial court erred in denying his motion to continue to seek another attorney. We disagree.
In reviewing a trial court's ruling on a motion to continue:
It is well-established that a motion to continue is ordinarily addressed to the trial judge's sound discretion and his ruling thereon will not be disturbed except upon a showing of abuse of discretion. However, when a motion to continue is based on a constitutional right, the question presented is a reviewable question of law.
State v. Smith, 155 N.C. App. 500, 505, 573 S.E.2d 618, 622 (2002) (internal citations omitted), disc. review denied, 357 N.C. 255, 583 S.E.2d 287 (2003).
In this case, Defendant argues that his Sixth Amendment right to effective assistance of counsel was violated when his motion to continue was denied.[2] To determine whether a criminal defendant received effective assistance of counsel, we follow a two-part test:
First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the"counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
State v. Braswell, 312 N.C. 553, 562, 324 S.E.2d 241, 248 (1985) (quoting Strickland v. Washington, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693 (1984)).
Defendant argues that his counsel was ineffective because he disagreed with his attorney on how the case should be handled, he had not met with his court-appointed attorney in the office, and his attorney reported having spent a total of eight and one half to nine hours on his case. None of these arguments are sufficient to show that counsel's performance was deficient. Our Supreme Court has held that:
[a] disagreement over trial tactics does not, by itself, entitle a defendant to the appointment of new counsel. Nor does a defendant have the right to insist that new counsel be appointed merely because he has become dissatisfied with the attorney's services. Similarly, the effectiveness of representation cannot be gauged by the amount of time counsel spends with the accused.
State v. Hutchins, 303 N.C. 321, 335, 279 S.E.2d 788, 797 (1981) (internal citations omitted). Defendant's contentions are not enough to prove that his attorney made "errors so serious that counsel was not functioning as . . . counsel." Braswell, 312 N.C. at 562, 324 S.E.2d at 248. Accordingly, we cannot say the trial court abused its discretion by denying Defendant's motion to continue to seek another attorney.

II.
Defendant next assigns error to the trial court's failure to dismiss the charge of possession of a firearm by a felon. Defendant argues that, taken in the light most favorable to the State, the evidence was insufficient as a matter of law. We disagree.
When determining whether to dismiss a criminal action for insufficiency of evidence:
[T]he trial court must consider the evidence in the light most favorable to the State, giving the State the benefit of every reasonable inference which may be drawn from the evidence and resolving all inconsistencies in the State's favor. A motion to dismiss is properly denied if there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense.
State v. McCree, 160 N.C. App. 200, 204-05, 584 S.E.2d 861, 864-65 (2003) (internal citations omitted). Our Supreme Court has interpreted the term substantial evidence to mean "more than a scintilla of evidence." Id. at 205, 584 S.E.2d at 865 (citing State v. Faison, 330 N.C. 347, 358, 411 S.E.2d 143, 149 (1991)). If substantial evidence of each element of the offense is presented, the trial court must deny the motion to dismiss and submit the case to the jury, as the weight and credibility of evidence is a question reserved for the jury. State v. Abraham,338 N.C. 315, 328, 451 S.E.2d 131, 137 (1994) (citing State v. McAvoy, 331 N.C. 583, 589, 417 S.E.2d 489, 493 (1992)).
Under North Carolina General Statutes Section 14-415.1, it is unlawful for a convicted felon to "purchase, own, possess, or have in his custody, care, or control any firearm or any weapon of mass death and destruction." N.C. Gen. Stat. § 14-415.1(a) (2005). We have determined that possession of a firearm may be actual or constructive. State v. Boyd, 154 N.C. App. 302, 307, 572 S.E.2d 192, 196 (2002). Constructive possession occurs where a defendant does not have physical custody of an item, but nonetheless has the power and intent to control its disposition. State v. Alston, 131 N.C. App. 514, 519, 508 S.E.2d 315, 318 (1998) (citingState v. Harvey, 281 N.C. 1, 12, 187 S.E.2d 706, 714 (1972)). We have held that constructive possession depends on the totality of the circumstances, and ordinarily the question will be for the jury. State v. Jackson, 103 N.C. App. 239, 243, 405 S.E.2d 354, 357 (1991), aff'd, 331 N.C. 113, 413 S.E.2d 798 (1992).
Defendant argues that there is insufficient evidence that he constructively possessed the firearm. However, the State presented testimony from Deputy Croley that Defendant led Deputy Croley into his bedroom and told him where the firearm was located. The State's evidence tended to show that the firearm was located in a dresser drawer in the room where Defendant slept. That Defendant knew the location of the firearm and the firearm was located in Defendant's bedroom, is substantial evidence that Defendant had power over and intent to control the firearm. Additionally, the State presented substantial evidence that Defendant had purchased the firearm. Deputy Croley testified that when asked if he had any weapons, Defendant replied that he had a pistol that he had purchased with a permit. Evidence that Defendant purchased and had constructive possession of the firearm raised an inference sufficient to go to the jury.
Defendant also argues that § 14-415.1(a) does not prohibit a convicted felon from possessing a firearm in his own home. However, we note that § 14-415.1(a) was amended in 2004 and the language allowing the home exception was removed. 2004 N.C. Sess. Laws ch. 186, § 14-415.1 (removing the following: "Nothing in this subsection would prohibit the right of any person to have possession of a firearm within his own home or on his lawful place of business."). Accordingly, we interpret the removal of the home exception as an indication that our Legislature no longer intends for the exception to apply.
In sum, we hold that the trial court did not err in failing to dismiss the charge of possession of a firearm by a felon.
No error.
Judges HUNTER and JACKSON concur.
Report per rule 30(e).
NOTES
[1] State v. Thacker, 301 N.C. 348, 353, 271 S.E.2d 252, 256 (1980).
[2] Defendant failed to assign error to the violation of his Sixth Amendment right to counsel; thus, we address his arguments regarding ineffective assistance of counsel only in the context of his contention that the trial court abused its discretion by denying his motion to continue.