STATE OF NORTH CAROLINA
v.
ANTHONY RASHAWN STUDIVENT
No. COA08-1507
Court of Appeals of North Carolina
Filed June 2, 2009
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General M. Elizabeth Guzman, for the State.
John T. Hall, for defendant-appellant.
MARTIN, Chief Judge.
Defendant appeals from a judgment entered upon the verdict of a jury finding him guilty of possession of a firearm by a felon and having attained habitual felon status. We find no error in the trial.
The evidence at trial tended to show that on 5 May 2008, Officer S. C. Carnes of the Greensboro Police Department received an anonymous complaint that an armed black male wearing a "red hoody and black jeans" was selling illegal narcotics in the area of West Florida Street and Luray Drive. Officer Carnes responded to the call and, upon his arrival, immediately observed a black male wearing a red hoody and black jeans. Officer Carnes left his vehicle and approached the man, who was later identified as defendant. Defendant saw Officer Carnes approaching and started walking toward him. Officer Carnes began to ask defendant if he would mind talking with him, and as Officer Carnes made the request, defendant raised his hands over his head and stated, "I haven't done nothing." Officer Carnes asked defendant if he had anything illegal on his person, and received consent to search defendant. After failing to discover any contraband on defendant's person, Officer Carnes allowed him to leave.
While Officer Carnes was searching defendant, he noticed a person, 40 to 50 feet behind defendant, "trying to speak with me without speaking to me." Officer Carnes explained that the man was making gestures with his hands and nodding his head, and based on his experience, he believed the man to be the anonymous complainant. After he allowed defendant to leave, Officer Carnes and the complainant engaged in a game of "hot and cold." Officer Carnes testified that he would point toward a portion of bushes and the man would shake his head no, and then he would point toward another area and the man would shake his head yes. Eventually, the man led Officer Carnes to an area of hedges where Officer Carnes discovered a fully loaded, .357 single action revolver hidden under the hedges. Officer Carnes secured the weapon and then proceeded to arrest defendant, who had only traveled a short distance from the scene.
After defendant was arrested, Officer William Barham of the Greensboro Police Department telephoned the anonymous caller, who identified himself as Howard Pressley. Officer Barham explainedthat even though the complaint was anonymous, the telephone number of the caller had been recorded. Pressley admitted to being the anonymous caller, confirmed that the subject with the red hoody and black pants was the subject with the gun, and stated that he had called the police, because "the situation was . . . too close to home." Pressley testified that he saw defendant take the gun from his belt and place it under the hedges.
Defendant testified in his own behalf and denied having possession of the weapon. He stipulated that he had been convicted of several felonies during the ten years preceding his trial on the current charges.
Defendant first argues that the trial court erred by denying his motion to dismiss the charge of possession of a firearm by a convicted felon for insufficiency of the evidence. Defendant notes that his fingerprints were not found on the gun, and argues that the State failed to prove that he had "custody, care, or control" of the gun. We are not persuaded.
To survive a motion to dismiss, the State must present substantial evidence of each essential element of the charged offense. State v. Cross, 345 N.C. 713, 716-17, 483 S.E.2d 432, 434 (1997). "`Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion.'" Id. at 717, 483 S.E.2d at 434 (quoting State v. Olson, 330 N.C. 557, 564, 411 S.E.2d 592, 595 (1992)). When reviewing the sufficiency of the evidence, "[t]he trial court must consider such evidence in the light most favorable to the State, giving the State the benefit of every reasonable inference to be drawn therefrom." State v. Patterson, 335 N.C. 437, 450, 439 S.E.2d 578, 585 (1994) (citing State v. Vause, 328 N.C. 231, 237, 400 S.E.2d 57, 61 (1991)).
Pursuant to N.C.G.S. § 14-415.1, it is "unlawful for any person who has been convicted of a felony to purchase, own, possess, or have in his custody, care, or control any firearm . . . ." N.C. Gen. Stat. § 14-415.1 (2007). Thus, the essential elements of possession of a firearm by a felon are that: "(1) defendant was previously convicted of a felony; and (2) thereafter possessed a firearm." State v. Wood, 185 N.C. App. 227, 235, 647 S.E.2d 679, 686, disc. review denied, 361 N.C. 703, 655 S.E.2d 402 (2007). Defendant stipulated at trial that he was a convicted felon. Thus, the only question for the jury was whether defendant possessed the firearm.
Here, Pressley testified that he had noticed defendant standing on the street, and
every once in a while somebody would come by and say something to [defendant] and [defendant] would reach and get his cigarette pack. . . . And a couple of cars pulled up to the stop sign there and he would go to the car and then come back and get his cigarette pack and go back to them.
Pressley further stated that defendant had placed his cigarette pack on top of some hedges. Pressley estimated that this went on for ten to twenty minutes. Eventually, Pressley observed the defendant "reach in his belt and pull out a gun and stick it up under the bush . . . ." Pressley testified that defendant wouldleave it under the bush for a few minutes "and then he'd reach back up under there and grab it again and stick it back in his belt." Pressley again confirmed at trial that he had called in the anonymous complaint to the police and that he gestured to Officer Carnes with a nod when he recovered the gun that defendant had been carrying. At trial, Theresa Ketner, a forensic specialist with the Greensboro Police Department, testified that the firearm recovered by Officer Carnes was a ".357 Ruger brand revolver."
Defendant contends that his actions, as observed by Pressley, were consistent with his discovery and examination of the firearm in the bush and subsequent dilemma over what to do with the firearm. Defendant claims that Pressley's testimony does not establish that he had custody or control of the firearm. However, upon a motion to dismiss, "[t]he trial court must [] resolve any contradictions in the evidence in the State's favor. The trial court does not weigh the evidence, consider evidence unfavorable to the State, or determine any witness' credibility." State v. Robinson, 355 N.C. 320, 336, 561 S.E.2d 245, 256 (citation and internal quotation marks omitted), cert. denied, 537 U.S. 1006, 154 L. Ed. 2d 404 (2002). In the light most favorable to the State, a reasonable mind could conclude from the evidence that defendant possessed the firearm recovered by Officer Carnes. Cross, 345 N.C. at 717, 483 S.E.2d at 434.
Defendant additionally contends that there was no evidence that the firearm recovered by Officer Carnes was operable. However, "operability of a firearm is not an essential element ofthe charge of possession of a firearm by a felon, nor is it an affirmative defense." State v. McCree, 160 N.C. App. 200, 205, 584 S.E.2d 861, 865 (2003). Accordingly, we overrule defendant's first assignment of error.
Defendant next argues the trial court erred by denying his motion to dismiss, for insufficiency of the evidence, the charge that he had attained habitual felon status. Specifically, defendant contends that the documents admitted into evidence to prove his prior convictions were not authenticated and that the documents should not have been admitted pursuant to N.C.G.S. 8C-1, Rules 901 and 902. We disagree.
Pursuant to N.C.G.S. § 14-7.4,
[a] prior conviction may be proved by stipulation of the parties or by the original or a certified copy of the court record of the prior conviction. The original or certified copy of the court record, bearing the same name as that by which the defendant is charged, shall be prima facie evidence that the defendant named therein is the same as the defendant before the court, and shall be prima facie evidence of the facts set out therein.
N.C. Gen. Stat. § 14-7.4 (2007). Here, at trial, the State introduced into evidence copies of defendant's prior convictions for the felonies of possession of a stolen motor vehicle (98 CRS 71396), common law robbery (00 CRS 95366), and a second conviction for possession of a stolen motor vehicle (02 CRS 95944). The State declared that it had prepared a certification for each exhibit, with "[t]his certification being a true copy of the original file in the offices of the Clerk of the Superior Court of Guilford County." All three judgments identified defendant as "Anthony Rashawn Studivent." The judgment, as well as the indictment in this case, named defendant as "Anthony Rashawn Studivent." Pursuant to N.C.G.S. § 14-7.4, "the three judgments were prima facie evidence that the defendant named in those judgments was the same Defendant as in the current case." State v. Tyson, __ N.C. App. __, __, 658 S.E.2d 285, 294 (2008). Defendant failed to produce any evidence to rebut this prima facie showing by the State. Id. Accordingly, we overrule defendant's second assignment of error.
Defendant finally argues that the trial court erred by sentencing him as a habitual felon when there was insufficient evidence to support the underlying charge for which he was sentenced. However, due to our resolution of defendant's first argument on appeal, namely, that there was sufficient evidence to withstand defendant's motion to dismiss the charge of possession of a firearm by a felon, this argument is without merit. Accordingly, we find no error.
NO ERROR.
Judges BRYANT and ELMORE concur.
Report per Rule 30(e).