STATE OF NORTH CAROLINA v. KEVIN LEWIS JACKSON

No. COA09-692

(Filed 16 February 2010)

## 1. Evidence— cross-examination—defense of involuntary intoxication—pre- and post-arrest silence

The trial court did not commit plain error in an indecent liberties and statutory rape case by allowing the prosecutor to cross-examine defendant about his pre- and post-arrest silence regarding his belief that he had been drugged because the record reflected substantial evidence of defendant's guilt including testimony from the victim, the results of the paternity testing, and defendant's own testimony that he did not deny being the father of the victim's child.

## 2. Constitutional Law— effective assistance of counsel—failure to object to cross-examination

Defendant did not receive ineffective assistance of counsel in an indecent liberties and statutory rape case based on his trial counsel's failure to object to the cross-examination of defendant about his pre- and post-arrest silence regarding his belief that he had been drugged. The State presented substantial evidence of defendant's guilt, and the only issue in contention was his defense of involuntary intoxication. Defendant cannot show that his counsel's failure to object to the pertinent portion of the cross-examination prejudiced him.

## 3. Criminal Law— referring to complainant as "victim"—failure to show prejudicial error

The trial court did not err or commit plain error in an indecent liberties and statutory rape case by allowing the prosecutor and State's witnesses to refer to the complainant as the "victim" because there was no prejudice in light of the substantial evidence. Further, the trial court's use of the word "victim" in the jury charge tracked the language of the pattern jury instruction.

**4. Constitutional Law— effective assistance of counsel—failure to object to referring to complainant as "victim"**

Defendant did not receive ineffective assistance of counsel in an indecent liberties and statutory rape case based on his trial counsel's failure to object to every reference to the prosecuting witness as the "victim" because there was substantial evidence of defendant's guilt, and defendant failed to show how he was prejudiced by these remarks.

Appeal by defendant from judgment entered 5 November 2008 by Judge J. Gentry Caudill in Mecklenburg County Superior Court. Heard in the Court of Appeals 27 January 2010.

*Attorney General Roy Cooper, by Assistant Attorney General W. Wallace Finlator, Jr., for the State.*

*Mark Montgomery for defendant-appellant.*

BRYANT, Judge.

On 5 November 2008, a jury found defendant Kevin Lewis Jackson guilty on charges of taking indecent liberties with a child and statutory rape of a person fourteen years of age. The trial court consolidated the offenses and sentenced defendant to an active term of 335 to 411 months. Defendant appeals. We find no prejudicial error.

*Facts*

The evidence tended to show the following. T.C. is the seventeen-year-old niece of defendant; defendant is the biological brother of T.C.'s father. T.C. testified that when she was fourteen or fifteen years old, she often stayed with defendant and his family. When she was fourteen years old, T.C. became pregnant and then gave birth to a baby boy in July 2006; T.C. testified that defendant is the baby's father.

T.C. testified that defendant began touching her inappropriately when she was fourteen years old. She and defendant had sexual intercourse more than once, usually when the rest of the family was asleep or out of the house. Defendant never used a condom. When T.C. became pregnant, she refused to name defendant as the father, even though she had not had sex with anyone else. T.C. was afraid of defendant and thought he would hurt her if she told anyone. She knew that defendant owned a gun.

T.C.'s mother, T.W., testified that she found out defendant was the father when T.C. was about six months pregnant. T.W. found out defendant had given T.C. a cell phone, and when T.W. tried to take the phone away, T.C. fought with her. T.W. had police take T.C. to detention. T.W. suspected defendant was the father and asked for a DNA test through the court system, which established defendant's paternity with a probability of 99.99%.

Officer Shabeer Mohammad of the Charlotte-Mecklenburg Police Department testified that on 14 June 2006, he responded to a call from the residence of T.W. At the Gaston County Detention Center, he interviewed T.C., who initially told him that someone named John had gotten her pregnant. Officer Mohammad then asked about her relationship with defendant, and T.C. admitted she and defendant had sex. She told him that defendant was the person who had gotten her pregnant. In July 2006, defendant gave Detective Donald Simmons a statement in which he claimed that T.C. must have impregnated herself with a used condom from his bedroom after defendant had sex with his wife. He did not mention being drugged by T.C.

At the close of the State's evidence, defendant moved to dismiss all three charges; the motion was denied. Defendant testified in his defense. He stated that on one Saturday in December 2005, when his wife was out of the house, he consumed food and drink prepared by T.C. and then felt "woozy." He went into the bathroom, and when he came out, T.C. was in his bedroom. Defendant sat down on his bed, and "after that things went bad." He stated that "I really do not remember anything too much after that." The next day, he "felt like somebody hit me over the head with a two by four," and he felt nauseated. Defendant testified he was "shocked" by the result of the DNA test. He stated that, in July 2006, T.C. called him and told him that she had put an ecstasy pill in his drink on the night they had sex. He denied that he willingly or consciously had sex with T.C. and claimed "involuntary intoxication."

At the close of all the evidence, defendant renewed his motions to dismiss, which the court denied.

---

Defendant contends the trial court (I) committed plain error by allowing the prosecutor to improperly attack defendant's right to remain silent, and (II) erred in allowing the prosecutor and witnesses to refer to the complainant as the "victim" and by using the word "victim" several times in charging the jury. We find no prejudicial error.

*I*

**[1]** Defendant first contends the trial court committed plain error in allowing the prosecutor to cross-examine him about his pre- and post-arrest silence regarding his belief that he had been drugged. We disagree.

The following exchange occurred between defendant and the prosecutor on cross-examination:

Q. You never told Detective Simmons anything about this Ecstasy drugging, did you?

A. No; it wasn't relevant at the time because I didn't find out until July. Like I said I met with Detective Simmons the early part of July. I believe it was on the 3rd if I'm not mistaken.

Q. But you didn't call him in the two years since this case has been pending, you didn't pick up the phone and call him and say I was drugged?

A. At that point in time I was protecting my equal rights. Why would I need to contact Detective Simmons during that point. At that point I needed to seek legal counsel because it was a serious case.

Q. You have never told anyone this very detailed story about being drugged until this very moment, isn't that right?

A. No, ma'am; actually the first person I told was my previous counsel . . . .

. . .

Q. So you wanted to keep this Ecstasy defense a secret?

Defendant did not object but contends the trial court should have intervened *ex mero motu*. In the alternative, defendant argues his trial counsel provided ineffective assistance by failing to object to the cross-examination.

"Plain error" does not connote "simply obvious or apparent error." *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983). Under this standard of review, the defendant must show: "(i) that a different result probably would have been reached but for the error or (ii) that the error was so fundamental as to result in a miscarriage of justice or denial of a fair trial." *State v. Bishop*, 346 N.C. 365, 385, 488 S.E.2d 769, 779 (1997).

STATE v. JACKSON

[202 N.C. App. 564 (2010)]

"[T]he State may use the defendant's pre-arrest silence for impeachment purposes at trial." *State v. Boston*, 191 N.C. App. 637, 648, 663 S.E.2d 886, 894, *appeal dismissed and disc. review denied*, 362 N.C. 683, 670 S.E.2d 566 (2008). Once the defendant has been arrested and advised of his *Miranda* rights, however, the State's use of his silence against him violates his constitutional right against self-incrimination. *Id.* Violations of a defendant's constitutional rights are prejudicial unless the error is harmless beyond a reasonable doubt. N.C. Gen. Stat. § 15A-1443(b) (2009).

Here, the challenged cross-examination could refer to either defendant's pre- or post-arrest silence or to both. Defendant was not arrested until September 2007. He testified that T.C. told him she drugged him sometime in July 2006, and it is unclear whether defendant knew of his alleged drugging at the time he was interviewed by police in early July 2006. Because we conclude that the jury would not have reached a different result but for the cross-examination, we need not resolve to which period of time the cross-examination was intended to refer. The record reflects substantial evidence of defendant's guilt, including: testimony from T.C., the results of paternity testing, and defendant's own testimony that he does not deny being the father of T.C.'s child. Since any error was not prejudicial, defendant has failed to show plain error. *Bishop*, 346 N.C. at 385, 488 S.E.2d at 779.

[2] Defendant also asserts that his trial counsel provided ineffective assistance in failing to object to the cross-examination. To prevail on a claim of ineffective assistance of counsel, defendant must show that his counsel's performance was deficient and prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693 (1984). Here, the State presented substantial evidence of defendant's guilt, and the only issue in contention was his defense of involuntary intoxication. Defendant cannot show his counsel's failure to object to the brief portion of his cross-examination quoted above prejudiced him. This assignment of error is overruled.

## II

[3] Defendant next argues the trial court erred or committed plain error in allowing the prosecutor and State's witnesses to refer to the complainant as the "victim," thereby reinforcing the complainant's credibility at the expense of defendant. Defendant also contends that the trial judge's use of the word "victim" in the charge to the jury constituted an improper opinion on the guilt or innocence of defendant, requiring a new trial. We find no merit in this argument.

STATE v. JACKSON

[202 N.C. App. 564 (2010)]

Defendant's only objection to the use of the word "victim" by the prosecutor was overruled by the trial court. Even if the trial court erred in overruling defendant's objection to the prosecutor's use of the term "victim," he must show prejudice to receive a new trial. *See* N.C.G.S. § 15A-1443(b). The remaining uses of the word by the prosecutor and the State's witness went unchallenged and must be reviewed for plain error. *Odom*, 307 N.C. at 660, 300 S.E.2d at 378. Our Supreme Court has held that a trial court referring to the prosecuting witness as "the victim" does not constitute plain error. *State v. McCarroll*, 336 N.C. 559, 565-66, 445 S.E.2d 18, 22 (1994). In light of the substantial evidence presented, we see no prejudice. Accordingly, we conclude that the trial court did not err in overruling defendant's objection, nor did the trial court commit plain error by failing to intervene *ex mero motu* to prosecution references to T.C. as "the victim."

Similarly, defendant's argument that the trial court's use of the word "victim" in the jury charge constituted improper personal opinion has no merit. The trial court tracked the language of the pattern jury instruction for statutory rape nearly word-for-word, and the instruction uses the term "victim" ten times. *See* N.C.P.I.—Crim. 207.15.2. Moreover, the indictment uses the word "victim" two times. The trial court did not err, let alone commit plain error. *See State v. Martin*, 191 N.C. App. 462, 471, 665 S.E.2d 471, 476 (2008).

[4] Defendant argues in the alternative that he received ineffective assistance of counsel because his attorney failed to object to every reference to the prosecuting witness as the "victim." As discussed above, the State presented substantial evidence of defendant's guilt, and we conclude that defendant cannot show he was prejudiced by these remarks. *Strickland*, 466 U.S. at 687, 80 L. Ed. 2d at 693. Defendant has failed to show ineffective assistance of counsel, and this assignment of error is overruled.

No prejudicial error.

Judges ELMORE and STROUD concur.